Roy WILLIAMS, aka Luis Gaytan Flores,
Appellant,

v.

The STATE of Texas, Appellee.

No. 50322.

Court of Criminal Appeals of Texas.

June 18, 1975.

Robert R. Harris, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and John P. Bradford, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. On December 14, 1972, the appellant was convicted for the willful de-struction of property belonging to another of the value of over $50. Punishment of imprisonment for ten years was assessed; the imposition of sentence was suspended, and the appellant was granted probation. Only two conditions of probation were imposed. They were (1) that the appellant commit no offense against the laws of this or any other state or of the United States, and (2) "must not reenter without written permission from this Court."

On August 1, 1974, the State filed a motion to revoke probation. It alleged that the appellant had violated the conditions of his probation as follows:

"On the 24th day of June, 1974, in the County of El Paso in the State of Texas, the said Defendant Luis Gayton Flores, a/k/a Roy Williams, did knowingly and intentionally possess a usuable quantity of marihuana in the amount of under two ounces and furthermore, the above said Luis Gayton Flores, a/k/a Roy Williams, did reenter this country without the prior written permission of the Court."

On November 8, 1974, the court heard the State's motion to revoke probation. The motion was read, and the attorney for the appellant pleaded "true." However, later in the hearing the Court permitted the appellant to withdraw his plea of "true" to the allegation that he had violated the condition of probation by possessing marihuana. Also, the Court permitted the State to withdraw any evidence that might have supported that allegation. The Court then entered the order revoking probation from which this appeal is taken. The sole ground for revocation is that the appellant did knowingly and intentionally reenter this country without the prior written permission of the Court.

Both the appellant and the State have filed briefs concerned with the validity of a condition of probation providing that a

probationer shall not reenter the United States without the prior written permission of the Court that granted probation. The briefs discuss the constitutionality and statutory provisions including Article 1, Sec. 20 of the Constitution of Texas Vernon's Ann.St., and Article 1.18, Vernon's Ann.C.C.P., which provide:

> "No citizen shall be outlawed, nor shall any person be transported out of the State for any offense committed within the same."

Arguments of whether these provisions apply to aliens and whether they apply to revocation of probation proceedings are made in the briefs. The briefs also discuss conflicts between state and federal authorities concerning the deportation of aliens. Incidentally, there is no proof in this case that the appellant was an alien. Although we are in sympathy with the social problems and frustrations apparent from the briefs and the records in this case and that of Aldana v. State, 523 S.W.2d 951 (1975), our review must be on the records presented.

We hold that the condition of probation in this case is so vague and indefinite that it is not a valid condition of probation. To reiterate, that condition reads: "Must not reenter without written permission from this Court." It does not say that the appellant must not reenter the United States or this country. Even though it might be possible from the record in this case to find that the appellant had stipulated that he had reentered the United States, there was no condition of probation that he would not reenter the United States. (It is not necessary in this case to decide the validity of such a condition.) Therefore, there was an abuse of discretion in revoking probation. Cf. Aldana v. State, supra.

The order revoking probation is reversed and the cause is remanded.

Opinion approved by the Court.