Jose M. ALDANA, aka Raul Salazar, Appellant,

v.

The STATE of Texas, Appellee.

No. 50285.

Court of Criminal Appeals of Texas.

June 18, 1975.

———◆———

James Kirby Read, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and John P. Bradford, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. Mc-

---

Angus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The appellant was convicted for the offense of attempted burglary on his plea of guilty on April 3, 1974; the court assessed the appellant's punishment at imprisonment for ten years, suspended the imposition of sentence, and granted probation. On October 14, 1974, the court revoked probation and sentenced the appellant.

One of the appellant's conditions of probation was, "Do not reenter the United States without prior written notice to this Court and prior written consent from this Court." A violation of this condition is the only ground alleged in the motion to revoke; the appellant pleaded "untrue." He urges that the court abused its discretion in revoking probation; he questions the validity of the condition; he contends that it violates Article 1.18, Vernon's Ann. C.C.P.

Our State Constitution, Article 1, Sec. 20, Vernon's Ann.St. as well as Article 1.-18, V.A.C.C.P., provides that: "No citizen shall be outlawed, nor shall any person be transported out of the State for any offense committed within the same."

The State in its brief says that: "It is a matter of common knowledge that the term of probation in question in this case is used in only cases involving illegal aliens who cross the border and commit offenses in Texas. The papers of the case reveal a letter from the Imigration and Naturalization Service dated December 5, 1974, showing that Jose Aldana (appellant) was an alien amenable to deportation."

It is apparent that both the State and the appellant seek a determination of the validity of this condition of probation; but if we were to make the determination, it would be only an advisory opinion since the evidence is insufficient to show that the appellant has violated this condition.

We will summarize the proof offered to support the allegation for revocation. The appellant was the man granted probation. At 3:35 a. m. on July 28, 1974, private security guards arrested the appellant in the City of El Paso while he was in a truck cab which had a broken vent window. Three other men fled from the truck when the guards approached. The court was requested to take judicial notice "that Mr. Aldana never notified this Court nor did this Court give its written permission and consent for Mr. Aldana to reenter the United States."

Since the evidence does not show that the appellant was ever outside of El Paso, there is no evidence to show he reentered the United States. Also, there is no evidence that the appellant is an alien. The letter referred to in the State's brief is not in the record; even if it were, it is doubtful whether the letter would be admissible to prove appellant was an alien.

If we assume, without deciding, that the condition of probation was valid, the evidence does not show that it was violated and does not support the court's order revoking probation. Therefore, there was an abuse of discretion in revoking probation on this ground. Cf. Williams v. State, 523 S.W.2d 953 (Tex.Cr.App., 1975).

The order revoking probation is reversed and the cause remanded.

Opinion approved by the Court.