Saul Aguilar HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 55121.

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Phil Harris, Weslaco, for appellant.

Oscar McInnis, Dist. Atty., and Fidencio Guerra, Jr., Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On January 14, 1975 appellant plead guilty in a bench trial to the offense of burglary of a habitation and was assessed punishment of ten (10) years. The imposition of the sentence was suspended and appellant was placed on probation subject to certain conditions, including:

"(a) Commit no offense against the laws of this State or of any other State or of the United States  .  .  . .

" *  *  *

"(g) Remain within the limits of Hidalgo County, Texas, unless given permission to leave therefrom; Defendant shall return to the Republic of Mexico and not return to the United States illegally during the period of his probation  .  .  . ."

On August 28, 1975 the State filed a motion to revoke probation alleging that on August 26, 1975 appellant was in the city of Mercedes, Texas, in violation of condition (g) that he return to Mexico and not return illegally to the United States.

On September 15, 1975 a hearing was held on said motion. After three State's witnesses were heard, the court recessed the hearing to allow the State to check authorities on the admissibility of certain evidence. On September 18, 1975 appellant filed a motion demanding resumption of the hearing immediately. It was denied. On October 27, 1975 the hearing resumed and at its conclusion the court revoked probation because appellant had violated condition (g) as alleged in the revocation motion. Sentence was imposed and notice of appeal was given.

On appeal appellant contends the court abused its discretion in revoking probation and advances five grounds of error. He contends he was denied a speedy trial, the evidence was insufficient to support revocation, that the court erred in admitting cer-

tain oral statements, that condition (g) was contradictory and ambiguous, and that the court had no jurisdiction to impose such condition.

■ The right of an accused in a criminal case to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and is applicable to the states by virtue of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); *McKinney v. State*, 491 S.W.2d 404 (Tex.Cr. App.1973). There is also a corresponding guarantee independently set forth in the Texas Constitution. See Article I, § 10, State Constitution, Vernon's Ann.St. See also Article 1.05, Vernon's Ann.C.C.P.

■ Further, there can be no question that a probationer is entitled to a speedy hearing with regard to revocation proceedings. *Ross v. State*, 523 S.W.2d 402 (Tex. Cr.App.1975); *McClure v. State*, 496 S.W.2d 588 (Tex.Cr.App.1973); *Hilts v. State*, 476 S.W.2d 283 (Tex.Cr.App.1972). See also *Newcomb v. State*, 547 S.W.2d 37, 38 (Tex. Cr.App.1977) (Concurring Opinion).

Article 42.12, § 8(a), Vernon's Ann.C.C.P., provides in part:

". . . If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation. *The court may continue the hearing for good cause shown by either the defendant or the state.* . . ." (Emphasis supplied.)

This statute requires a motion by the defendant to trigger its provisions. See *Newcomb v. State*, supra (Concurring Opinion). If such motion is filed and there is a failure to meet the twenty days requirement, the revocation motion must be dismissed. *Ex parte Trillo*, 540 S.W.2d 728 (Tex.Cr.App.1976).

In the instant case there was a revocation hearing within twenty days, so there was no need for a defense motion. After hearing three witnesses on September 15, 1975, the court recessed the hearing to permit the State to research the authorities concerning the admissibility of certain evidence. The hearing was not resumed until October 27, 1975, despite a defense motion on September 18, 1975, demanding resumption of the hearing. At the resumed hearing the State recalled one witness and called one new witness.

Appellant's complaint is directed to the delay between September 15 and October 27.

■ First, we observe that Article 42.12, § 8(a), supra, provides a revocation hearing may be continued for good cause. See also Article 29.13, Vernon's Ann.C.C.P., which provides a continuance or postponement may be granted upon motion of either party after the trial has begun. Such motion for continuance is addressed to the sound discretion of the court. *Cooper v. State*, 509 S.W.2d 565 (Tex.Cr.App.1974); *Bradshaw v. State*, 482 S.W.2d 233 (Tex.Cr.App.1972); *Worton v. State*, 492 S.W.2d 519 (Tex.Cr. App.1973). Besides these statutory provisions, there are constitutional considerations.

■ A "balancing test" for the determination of the federally protected constitutional right to a speedy trial in which the conduct of the prosecution and the defendant is weighed was set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971). This "balancing test" has also been applied to the state protected constitutional right to a speedy trial or to a speedy hearing on revocation motions. Some factors that the court should consider in applying the "balancing test" are: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. See *Barker v. Wingo*, supra; *Pete v. State*, 501 S.W.2d 683 (Tex.Cr.App.1973); *McKinney v. State*, supra. In *Moore v. Arizona*, 414 U.S. 25, 94

S.Ct. 188, 38 L.Ed.2d 183 (1973), it was made clear that none of these factors have "talismanic qualities" and, in particular, that a showing of prejudice is not sine qua non to demonstrating a denial of the right of speedy trial. See also *Davison v. State,* 510 S.W.2d 316, 319 (Tex.Cr.App.1974); *Ross v. State,* supra (footnote # 1).

■ As to the length of delay, it is observed there was a delay of forty-two days before the hearing was resumed. As to the reason for delay, the record shows only a recess to allow the State to research authorities. The record is silent as to the reason for the continued delay and does not support any deliberate effort by the prosecution to delay the revocation hearing.

While a new State's witness was called on October 27th, there is nothing to indicate the delay was to obtain such witness. It cannot be said that the delay was such as to demand a per se determination of a violation of the constitutional right to a speedy revocation hearing. *Haas v. State,* 498 S.W.2d 206, 211 (Tex.Cr.App.1973).

The appellant did demand a resumption of the hearing which was denied. As pointed out in *Barker v. Wingo,* supra, a defendant's assertion of or failure to assert such right is only one of the factors to be considered in making an inquiry into whether there has been a deprivation of the right to a speedy trial.

■ In determining prejudice to a defendant, we must consider the interest of a defendant which the speedy trial right was designed to protect: (1) to prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the defendant; (3) to limit the possibility that the defense will be impaired.

■ The appellant asserts in his brief he was held in jail for forty-two days pending the second hearing and that he (1) was kept from gainful employment; (2) his liberty was interfered with; (3) his finances were drained; (4) his association with friends, relatives, and employers was being curtailed.

Most of these assertions are not supported by the record. We cannot conclude that appellant has made a sufficient showing he was prejudiced, if he was. *Haas v. State,* supra; *McKinney v. State,* supra.

Having considered the balancing test of *Barker v. Wingo,* supra, we conclude that appellant was not denied his right to a speedy revocation hearing. See *George v. State,* 498 S.W.2d 202 (Tex.Cr.App.1973); *McCarty v. State,* 498 S.W.2d 212 (Tex.Cr. App.1973).

■ Next, appellant challenges the sufficiency of the evidence to support the revocation. Alfredo Trujillo, Hidalgo County probation officer, testified he explained the conditions of probation to the appellant on January 14, 1975 and informed appellant he was not allowed to reenter the United States illegally. Delbert Guy, assistant officer in charge, United States Immigration and Naturalization Service, Harlingen, had the care and custody of appellant's file, which showed appellant had been voluntarily deported six times and on the seventh time was formally deported to Mexico on January 30, 1975 after prosecution in United States Magistrate's Court in Brownsville on January 22, 1975. He explained the requirement of application for admission to the United States by one who has been deported and testified that if there had been an application made by appellant it would be in appellant's file, but there was none. The trial court also took judicial notice of the federal law relating to the legal admission of a deported alien to the United States.

George Watts, Mercedes city police officer, testified on August 26, 1975 he saw a car run a red light in Mercedes and he stopped the vehicle. Appellant was a passenger. Upon inquiry appellant stated he was from Mexico and he had no green card or other papers to show he was legally in the United States. Arnoldo Rodriquez went to the scene of arrest, recognized the appellant from Rodriquez's investigation of a burglary of a habitation. Based upon information he had previously received about deportation, he called the Border Patrol.

We conclude that the evidence is sufficient to support the order revoking probation. Cf. *Aldana v. State*, 523 S.W.2d 951 (Tex.Cr.App.1975). We further note the evidence reflects a violation of condition (a) as well as condition (g) although condition (a) was not alleged in the revocation motion.

■ Further, appellant contends the court erred in admitting into evidence statements made by appellant to Officer Watts at the time the car in which he was a passenger was stopped. Watts first inquired if appellant had any identification and he answered in the negative. When asked if he was from Mexico, he answered in the affirmative. He did not have a green card.

It appears that the statements were made within the ambit of a general on-the-scene investigatory process, *Allen v. State*, 536 S.W.2d 364 (Tex.Cr.App.1976); *Tilley v. State*, 462 S.W.2d 594 (Tex.Cr.App.1971); *Higgins v. State*, 473 S.W.2d 493 (Tex.Cr.App.1971), that had not shifted from the investigatory to accusatory or custodial stage. *Adami v. State*, 524 S.W.2d 693 (Tex.Cr.App.1975); *Steele v. State*, 496 S.W.2d 66 (Tex.Cr.App.1973). It does not appear the appellant was under arrest or in custody at the time the statements were made. The statement that appellant was from Mexico was admissible.

■ If there was error in the admission of such evidence, it was harmless. There was other evidence, properly admitted, that appellant was from Mexico, had been placed on probation, had his conditions of probation explained to him, had been formally deported to Mexico, and had thereafter been found in Mercedes without authorization to reenter the United States. Still further, the hearing was before the trial court, and it is presumed the court disregarded any inadmissible testimony.

■ Appellant also urges the court erred in revoking probation based on condition (g)[1] that was contradictory and ambiguous on its face. He points to the condition's requirement that appellant remain within the limits of Hidalgo County, Texas, and the latter requirement that he return to the Republic of Mexico.

The first sentence of condition (g) relating to remaining in Hidalgo County was part of the printed form while the subsequent sentence directing appellant to return to Mexico was typed in. While greater care should have been exercised under the circumstances, a fair reading of condition (g) resolves any conflict. While appellant was to remain in Hidalgo County unless given permission to leave, the second sentence directing his return to Mexico constituted that permission. Further, the probation officer explained to the appellant his probationary conditions and specifically informed appellant he must return to Mexico and not reenter the United States illegally.

While no model, condition (g) was not so contradictory and ambiguous to deprive the appellant of due process.

■ Lastly, appellant contends the court had no jurisdiction to impose condition (g) on him. Without citation of authority, appellant argues the federal government has jurisdiction over immigration and naturalization and that the state court has no authority to banish anyone from this country. We do observe that Article I, § 20 of the Texas State Constitution, Vernon's Ann. St., and Article 1.18, Vernon's Ann.C.C.P., provide:

"No citizen shall be outlawed, nor shall any person be transported out of the State for any offense committed within the same."

Where the trial court grants probation, it has wide discretion in selecting conditions of probation. *Tamez v. State*, 534 S.W.2d 686, 691 (Tex.Cr.App.1976); *Salinas v. State*, 514 S.W.2d 754 (Tex.Cr.App.1974) (footnote # 1). The conditions are not limited to those suggested in the statute, see Article 42.12, § 6, Vernon's Ann.C.C.P., but they should be "reasonable" as expressly provided by the statute. Article 42.12, § 3d(a), Vernon's Ann.C.C.P. And in light

1. Condition (g) is set out in full at the beginning of this opinion.

of the provisions of the statute, it would seem that permissible conditions should have a reasonable relationship to the treatment of the accused and the protection of the public. *Tamez v. State*, supra.

We have not found a case which has passed directly upon the validity of the probationary condition in question.

In *Aldana v. State*, supra, and *Williams v. State*, 523 S.W.2d 953 (Tex.Cr.App.1975), similar questions to the one in the instant case were raised. In *Aldana*, however, there was no showing that the defendant was an alien, that he ever left El Paso, that he reentered the United States. Thus, the court did not reach the validity of the probationary condition not to reenter the United States. In *Williams* the condition "must not reenter without written permission from this Court" was so vague and indefinite as not to be a valid condition of probation. Here, the condition did not say that the defendant must not reenter the United States or any other country. For this reason, the validity of this condition was not considered.

We observe that in the instant case the appellant was not deported by the state as a result of the probationary condition but was formally deported by federal authorities on January 30, 1975 after conviction in the United States Magistrate's Court on January 22, 1975. Appellant's probation was not revoked because he refused to return to Mexico, but because he reentered the United States illegally. This was a violation of condition (g).[2] Clearly the basis of the revocation was reasonable. We need not reach the question of the validity of that part of condition (g) requiring the appellant to return to Mexico.

The contention is overruled.

The judgment is affirmed.

---

**2.** It was also a violation of federal law, which would have likewise made it a violation of condition (a). There was no allegation in the revocation motion as to a violation of condition (a).