**Jose Sanchez REZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 65603.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 17, 1980.

Robin R. Norris and Adolfo Quijano, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and PHILLIPS, JJ., and QUENTIN KEITH, C.

OPINION

QUENTIN KEITH, Commissioner.

The appeal is from an order revoking probation and sentencing appellant to serve ten years in the Texas Department of Corrections. On June 21, 1977, appellant was convicted by a jury of the offense of burglary and his punishment fixed at confinement for ten years but the sentence was probated. One of the conditions of his probation was that he commit no offense against the laws of this State or of the United States.

On September 24, 1979, the terms of the order of probation were modified and appel-

lant was ordered to remain within the "Republic of Mexico; upon deportation to Mexico, you will not re-enter this country without written consent of this Court."

On December 13, 1979, Probation Officer Jose L. Gonzales saw appellant crossing a street in downtown El Paso. He went around the block in his car and arrested appellant for violation of the terms of his probation. The motion contained four numbered paragraphs, the first of which set out the conviction for the primary offense; the second set out the two terms of his probation mentioned earlier. The third paragraph read:

"3. Thereafter, to-wit: on or about the 13th day of December, 1979, in the County of El Paso and State of Texas, the said defendant, Jose Sanchez Reza, did then and there (unlawfully), re-enter into the United States after deportation in violation of 8 U.S.C. 1326, and

"On or about the 13th day of December, 1979, in the abovementioned County and State, said defendant did then and there fail to remain within the Republic of Mexico and did then and there fail to obtain the written consent of the Court to re-enter this Country after deportation."

Appellant pleaded "untrue" to the allegations in the motion to revoke and upon the hearing it was established by certified copies of documents that appellant had in fact been deported to the Republic of Mexico. However, there is no evidence in our record that he did not have the written consent of the Court to re-enter the United States after the deportation.

The federal statute cited above, 8 U.S.C.A. § 1326 (1970) reads:

"§ 1326. Reentry of deported alien

Any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney Gen-

eral has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both."

█ Appellant points to the fact that there was no evidence in the record that the Attorney General had not expressly consented to his reapplying for admission or that he was not required to obtain such advance consent. Our careful search of the record establishes the validity of the claim.

For the purpose of this appeal, we must assume the validity of the conditions of the probation order. See *Hernandez v. State*, 556 S.W.2d 337, 342 (Tex.Cr.App.1977). Although the State alleged two grounds in paragraph 3 of the motion to revoke, it made no effort to prove that re-entry was not with the consent of the Court.

The documentary evidence from the Immigration Service did not go beyond the date of deportation so that there was no showing that appellant did not in fact have consent from the Attorney General for his re-entry into this country. The usual method of establishing this negative fact would be by a certificate of the nonexistence of such a letter of consent. See *United States v. Patterson*, 446 F.2d 1358 (5th Cir. 1971). See also, *United States v. Oris*, 598 F.2d 428, 430 (5th Cir. 1979). No such certificate appears in our record.

█ It is elementary that the order revoking probation must be supported by a preponderance of the evidence. See *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr. App.1974), and its progeny. It is also well established that in a probation revocation the State is required to prove every element of the offense by a preponderance of the evidence. *Williams v. State*, 591 S.W.2d 873, 875 (Tex.Cr.App.1979), and authorities therein cited.

There being no evidence to support the alleged violations of the conditions of probation, the judgment of the trial court must be reversed and the motion to revoke dismissed. *Garcia v. State,* 571 S.W.2d 896, 900 (Tex.Cr.App.1978). It is so ordered.

Opinion approved by the panel.

ROBERTS, Judge, concurring.

It is clear that the trial judge found a violation of condition A, "Commit no offense against the laws ... of the United States." It is also clear, as Commissioner Keith holds, that the State failed to prove the violation of this condition which was alleged.

It is not clear whether the trial judge found a violation of condition G, "Remain within: (2) Republic of Mexico; upon deportation to Mexico, you will not re–enter this country without written consent of this court." There was an allegation in the motion that this condition was violated, and the printed form of sentence recited, "[T]he Court is of the opinion and so holds that the Defendant violated the terms of such probation in the respect set out in said Motion to Revoke Adult Probation." On the other hand, the trial judge's written findings and conclusions do not mention a violation of condition G; they deal only with a violation of condition A. Similarly, the briefs of the appellant (p. 5) and the State (p. 1) state only that condition A was found to have been violated; they do not say that condition G was found to have been violated. This omission is significant, since we would not reverse because of insufficient evidence on one violation if there was sufficient evidence on the other violation.

Given this uncertainty in the record, it is perhaps natural that Commissioner Keith's opinion can be read to say that a violation of condition G was found and to say, "For the purpose of this appeal, we must assume the validity of the conditions [both A and G] of the probation order. See *Hernandez v. State,* 556 S.W.2d 337, 342 (Tex.Cr.App. 1977)." If this statement does refer to con-

dition G, I want to disassociate myself from it. In my view condition G was not valid. It violated Article 1, Section 20, of the Texas Constitution: "[N]or shall any person be transported out of the State for any offence committed within the same."

Condition G imposed three conditions: (1) It required the appellant to go to the Republic of Mexico. (2) It required him to remain there. (3) It forbade him to re–enter the United States without the court's written consent. In *Hernandez v. State,* 556 S.W.2d 337, 343 (Tex.Cr.App.1977), the court expressly refused to reach the validity of requirement (1).* The validity of requirement (2) was not mentioned. The court upheld the validity of a requirement that the appellant not return to the United States *illegally.* Such a requirement is not like the requirement (3) before us today, which forbade the appellant to return even legally without the court's consent. (It will also be noted that the requirement in *Hernandez* was a redundancy, since an illegal re–entry would have been a violation of condition A.) *Hernandez* does not require us to assume the validity of condition G. This condition literally requires transportation. It is a plain violation of the Texas Constitution; we should hold so, and the allegation that condition G was violated should be struck from the motion to revoke. (A mere reversal for insufficient evidence will leave the motion still pending for re–litigation; *see Davenport v. State,* 574 S.W.2d 73 (Tex.Cr.App.1978).)

---

* It has also avoided the question in *Williams v. State,* 523 S.W.2d 953 (Tex.Cr.App.1975) and *Aldana v. State,* 523 S.W.2d 951 (Tex.Cr.App. 1975).