Jeffrey D. FOGLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–01352–CR.

Court of Appeals of Texas, Dallas.

Feb. 10, 1984.

Walter Steele, Dallas, for appellant.

Henry Wade, State Dist. Atty., Molly Meredith, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

STEPHENS, Justice.

■ Appellant, on his plea of nolo contendere to the charge of Driving While Intoxicated, was sentenced to forty-five days in jail together with a three hundred dollar fine. His sentence was probated, conditioned upon his completion of a driving while intoxicated educational program and his working "faithfully at a community service task for 90 hours as directed by the Probation Department...." Because the trial judge improperly delegated his duty to declare the specific type of community service required of appellant to the probation department, we reverse and remand.

Four grounds of error are brought forward for our review, and although we conclude that appellant is correct in his contention that the trial judge improperly delegated a judicial function to the probation department, we believe that the significance of the questions raised require us to address the other grounds as well.

■ First, appellant contends that a Texas court has no statutory authority to sentence a criminal defendant to perform community service. We disagree with this broad contention. TEX.CODE CRIM. PROC.ANN. art. 42.13 (Vernon Supp.1982–1983) is the statutory authority for a trial judge to grant a defendant misdemeanor probation. Appellant, relying on TEX. REV.CIV.STAT.ANN. art. 5429b–2 § 3.06 (Vernon Supp.1982–1983), of the Texas Code Construction Act, argues that TEX. CODE CRIM.PROC.ANN. art. 42.13 § 3b is the exclusive means of imposing community service as a term and condition of misdemeanor probation. Article 42.13 section 3b grants authority and specifies the manner in which a defendant who is placed on deferred adjudication, and who has requested community service, may be ordered to perform community service as a condition of probation. This is not the case at bar. We look to the more general language of article 42.13. Section 3 empowers the judges of courts of original jurisdiction, when it appears to the court's satisfaction that the ends of justice and the best interests of the public, as well as the defendant, shall be served, to place the defendant on probation as thereafter provided. Section 6 specifically provides that "[T]erms and conditions of probation may include but shall not be limited to" certain conditions which are expressed. Additionally, we note that case law has held that in setting conditions to probation, the trial court is not limited to the suggested statutory conditions but may impose any conditions which are reasonable and have a reasonable relationship to the treatment of the accused.[1] *Chacon v. State*, 558 S.W.2d 874 (Tex.Cr.App.1977); *Hernandez v. State*, 556 S.W.2d 337 (Tex. Cr.App.1977); *Tamez v. State*, 534 S.W.2d 686 (Tex.Cr.App.1976). Section 3b, upon which appellant relies for his proposition that community service may be made a condition of probation only when requested by the defendant in a deferred adjudication case, does expressly provide that when a defendant pleads guilty or nolo contendere to a first offense misdemeanor that does not involve bodily injury or the threat of bodily injury to any person, and for which the maximum permissible punishment is by

---

1. In a special commentary to article 42.13 Judge John Onion stated that: "The statutory conditions of probation are the same as felony cases except restitution or reparation is limited to $1,000.00 in misdemeanor cases." Onion, Special Commentary, TEX.CRIM.PROC.ANN. art. 42.13 (Vernon 1979).

confinement in jail or by a fine in excess of $200 or by both a fine and confinement, that the judge, upon finding the existence of these facts, may place the defendant on community service probation. However, we are unable to find any language within article 42.13 that limits community service as a condition of probation to those cases where the defendant specifically requests such condition. Consequently, we hold that adequate statutory authority exists for a trial judge in a misdemeanor case to order community service as a term and condition of probation, provided the order is explicit as to all details of the service to be performed.

 Appellant next contends, in two grounds of error that the community service ordered in this case is not a reasonable condition of probation, and that the order that the defendant shall work faithfully at a community service task for ninety hours as directed by the probation department, is vague, uncertain and overly broad. We agree with this contention. The term community service, in and of itself, is vague. A condition and term of probation must be reasonable and must bear a reasonable relationship to the treatment of the accused and the protection of the public. *Hernandez*, 556 S.W.2d at 342–43; *Tamez*, 534 S.W.2d at 691. Unless the judgment provides with specificity the service to be performed by defendant, this court is unable to review its reasonableness or the relationship it bears to the treatment of the accused and the protection of the public.

Finally, appellant contends that the trial court had no authority to delegate its judicial function of sentencing to the probation department. We agree. TEX.CODE CRIM.PROC.ANN. art. 42.13 § 1 (Vernon Supp.1982–1983) places the duty and responsibility for determining conditions of probation squarely on the judiciary. Courts have consistently upheld this nondelegation of powers. *Roberson v. State*, 617 S.W.2d 708 (Tex.Cr.App.1981); *Herrington v. State*, 534 S.W.2d 331 (Tex.Cr. App.1976); *Smith v. State*, 527 S.W.2d 896 (Tex.Cr.App.1975); *Parsons v. State*, 513

S.W.2d 554 (Tex.Cr.App.1974); *Brown v. State*, 508 S.W.2d 366 (Tex.Cr.App.1974); *De Leon v. State*, 466 S.W.2d 573 (Tex.Cr. App.1971); *McDonald v. State*, 442 S.W.2d 386 (Tex.Cr.App.1969). We hold that delegating the specific type of community service to be performed by appellant, to a determination by the probation department, was an improper delegation of a judicial function.

Reversed and remanded.

WHITHAM, Justice, concurring.

I concur. I join wholeheartedly in the court's opinion except the holding "that adequate statutory authority exists for a trial judge in a misdemeanor case to order community service as a term and condition of probation...." I am compelled, however, to join in that holding because of the decisions of the Court of Criminal Appeals in *Chacon v. State*, 558 S.W.2d 874, 875 (Tex.Cr.App.1977); *Hernandez v. State*, 556 S.W.2d 337, 342 (Tex.Cr.App.1977); *Tamez v. State*, 534 S.W.2d 686, 691 (Tex.Cr. App.1976), cited in the majority's opinion. Those cases stand as authority for the proposition that a trial court, in imposing probationary conditions in a felony case where probation has been granted by the court, is not limited to the probationary conditions set forth in TEX.CODE CRIM. PROC.ANN. art. 42.13, § 6 (Vernon Supp. 1982–1983), so long as the condition imposed is a reasonable one. Thus, the holding of those cases is applicable to the present case, although a misdemeanor case, due to the similarities found in Article 42.12, § 6, applicable to felonies and TEX. CODE CRIM.PROC.ANN. art. 42.13, § 6 (Vernon Supp.1982–1983), applicable to misdemeanors.

In my view, however, the TEX. CONST. art. II, § 1 and art. III, § 1, prohibit delegating to the judiciary the legislative function of providing terms and conditions of probation. Under these constitutional provisions, the legislature is invested with the law-making power of the people and may define crimes and prescribe penalties. *State ex rel. Smith v. Blackwell*, 500

S.W.2d 97, 104 (Tex.Cr.App.1973). To my mind, it follows that the legislature is invested also with the lawmaking power of the people to provide the terms and conditions upon which a person convicted of a crime defined by the legislature may escape the penalty prescribed by the legislature for that crime.

There are valid reasons why the judiciary should not be permitted to usurp this legislative function. As dissatisfaction with various aspects of the criminal justice system grows, there will be a tendency on the part of judicially activist trial judges to devise "innovative" terms and conditions of probation.[1] These "innovative" terms and conditions may well become the punishment imposed for the crime; subject to the requirement that it be reasonable. Thus, trial judges become legislators. For judges to do so violates the constitution. In my view, terms and conditions of probation are matters which the constitution requires be provided for through the process of debate and enactment in legislative chambers; not by illusory legalistic arguments in courthouses over whether judicially created terms and conditions of probation are "reasonable."

I do not find "work faithfully at a community service task" to be among the fourteen conditions of probation that the legislature has provided in TEX.CODE CRIM. PROC.ANN. art. 42.13, § 6. Accordingly, were I not bound by decisions of the Court of Criminal Appeals, I would hold that in the present case the trial court had no authority to order community service as a term and condition of probation.

---

1. The Dallas Morning News, January 26, 1984, at 3A, col. 1, reports that a twenty year old mother convicted of murder and child abuse of her son was forbidden by a Florida judge to bear children for fifteen years as a condition of probation. The headline reads "woman jailed for giving birth."