Ricardo GOMEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–312–CR.

Court of Appeals of Texas, Corpus Christi.

April 23, 1987.

Rehearing Denied May 20, 1987.

Jopseh A. Connors, III, McAllen, for appellant.

Rene Guerra, Edinburg, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a misdemeanor conviction of assault. The trial court found appellant guilty of assaulting his wife and assessed punishment at a fine of $300.00, which was suspended, and 30 days in jail, which was probated for one year. We affirm.

By his first point of error, appellant alleges an irreconcilable incompatibility between the complaint's jurat and the date of the offense. The complaint and information allege the offense occurred "on or about January 24, 1985." The jurat on the complaint appears as follows;

Sworn to and subscribed before me on

_March 29, 1985_

_[signature]_

Aasistant Criminal District Attorney of Hidalgo County, Texas.

According to appellant, the year that the jurat was signed cannot be ascertained, but may be interpreted as 1905 or 1915, and thus, prior to the date of the offense both alleged and proven. Therefore, the complaint is defective and the information will not sustain a conviction.

Appellant filed no motion to quash, nor did he in any way bring to the trial court's attention the alleged defect in the complaint or information. Failure to object to a defect, error, or irregularity of form or substance in an indictment or information before the trial date, waives error unless the defect is fundamental. Appellant may not raise such an objection for the first time on appeal. *Russell v. State,* 665 S.W.2d 771, 777 (Tex.Crim.App.1983); Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1987).

However, even if appellant had properly preserved error, we find that the jurat was signed on March 29, 1985. The date is imprecisely written, but is not illegible. Appellant's first point of error is overruled.

By his second point of error, appellant contends that the record fails to properly establish that appellant waived his right to a trial by jury.

Appellant relies on *Samudio v. State,* 648 S.W.2d 312 (Tex.Crim.App.1983), which stated that waiver of jury trial can never be presumed from a silent record on direct appeal; and, where the record was silent, the State had failed to meet its constitutional burden of establishing waiver of jury trial. In *Samudio,* the record was silent; here it is not.

After appellant and the State had each announced ready, the State made the following inquiry, "Your Honor, at this time we would inquire if a Waiver of Jury has been signed?" Defense counsel replied, "We'll make the same announcement, Your Honor. The waiver's been orally filed and we will file a Waiver of Jury later. There'll be no question raised about it."

The judgment states that "defendant, Ricardo Gomez, pleaded not guilty to the information and waived a trial by jury, and submitted the decision of the case to the COURT...."

■ In a misdemeanor case, a waiver of jury trial is not required to be written. *Lamb v. State,* 409 S.W.2d 418 (Tex.Crim. App.1966); *Schultze v. State,* 626 S.W.2d 89 (Tex.App.—Corpus Christi 1981, pet. ref'd). The record reflects an oral waiver of jury in both the transcription of the trial and in the judgment.

■ The Court of Criminal Appeals has distinguished *Samudio* in cases where the record is not silent and has held that the recitation in the judgment that the defendant appeared in person and waived his right to trial by jury was sufficient to establish a presumption of regularity and truthfulness which would not be set aside lightly. *Lopez v. State,* 708 S.W.2d 446 (Tex.Crim.App.1986); *Vega v. State,* 707 S.W.2d 557 (Tex.Crim.App.1986); *Breazeale v. State,* 683 S.W.2d 446 (Tex.Crim. App.1984). Only an affirmative showing that no waiver was executed will overcome this presumption of regularity and truthfulness. *Lopez,* 708 S.W.2d at 448; *Vega,*

707 S.W.2d at 559; *Breazeale,* 683 S.W.2d at 450.

Appellant has not challenged the truthfulness of the recitation in the judgment, nor has he made an affirmative showing that will overcome the presumption. As in *Breazeale,* he relies solely on the lack of a written waiver in the record. And, as in *Breazeale,* we hold that in the absence of such an affirmative showing, the recitation in the judgment of such waiver is sufficient to establish that the waiver occurred. Appellant's second point of error is overruled.

Appellant's third point of error asserts reversible error by the trial court for proceeding to trial without having the information read to appellant.

Before the first witness began testifying, the State made the following inquiry: "At this time Your Honor, I would inquire if the Defendant wants the information read?" Appellant's trial counsel replied, "We waive the reading of the complaint and the information, Your Honor."

■ "The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case." Tex.Code Crim.Proc.Ann. art. 1.14(a) (Vernon Supp.1987). In the instant case, appellant expressly waived the right to have the information read to him prior to proceeding with the trial to the court. Although the reading of the indictment before the jury is required to join issue, it may be waived. *See Peltier v. State,* 626 S.W.2d 30, 31 (Tex.Crim.App.1981), *quoting Essary v. State,* 53 Tex.Cr.R. 596, 111 S.W. 927 (Tex. Crim.App.1908).

■ Appellant notes that the judgment erroneously recites "And the Court having heard the information read...." We hereby reform the judgment to reflect that the reading of the information was waived by the defendant. Appellant's third point of error is overruled.

■ By his fourth and fifth points appellant complains of a condition of probation imposed by the court. The tenth condition of probation provides that appellant shall "complete 200 Hours of Community Ser-

vice Restitution at *MUJERES UNIDAS, 420 N. 21ST ST., MCALLEN, TEXAS*, as directed by the Adult Probation Department commencing on *Dec. 20, 1986*, as ordered by the Court." Appellant contends that "as directed by the Adult Probation Department" is too vague and indefinite to enforce and constitutes an unlawful delegation of authority.

Appellant equates this with the line of cases dealing with instructions to "report to the probation officer as directed." *See Harris v. State*, 608 S.W.2d 229 (Tex.Crim. App.1980); *Smith v. State*, 527 S.W.2d 896 (Tex.Crim.App.1975). Such an instruction has been held too vague and uncertain to give the probationer notice of when to report and has been held to be an unlawful delegation of authority to the probation department. This general instruction is clearly distinguishable from the case at bar.

In the instant case, the condition of probation stated the location of the community service, the number of hours required of appellant, and the date on which appellant was to begin the community service. This term of probation is not vague and uncertain. *Cf. Jackson v. State*, 720 S.W.2d 153, 157–58 (Tex.App.—Houston [14th Dist.] 1986, no pet.).

Article 42.12 § 10A(h) requires that community service tasks be performed during hours the probationer is not working or attending school. Tex.Code Crim.Proc. Ann. art. 42.12 § 10A(h) (Vernon Supp. 1987). The term "as directed by the Adult Probation Department" merely permits appellant and the probation department to arrange the community service at times which will not conflict with appellant's work schedule. It does not impermissibly delegate authority to the probation department to set the terms of probation. *See Fogle v. State*, 667 S.W.2d 296 (Tex.App.— Dallas 1984, no pet.).

In *Fogle*, the trial court, as a condition of probation, required the defendant to work "faithfully at a community service task for 90 hours as directed by the Probation Department...." *Id.* at 298. The Dallas Court of Appeals concluded that the failure to designate the type of community service to be performed was an improper delegation of judicial authority and prevented the appellate court from reviewing its reasonableness or the relationship it bears to the treatment of the accused and the protection of the public. *Id.* at 298.

The condition set forth in the instant case specifies that appellant work at the MUJERES UNIDAS, a family crisis center. Thus, the type of community service has been specified and it bears a reasonable relationship to the treatment of the appellant and the protection of the public. We find this condition of probation neither vague and uncertain, nor an unauthorized delegation of authority. Appellant's fourth and fifth points of error are overruled.

The judgment of the trial court is reformed, and as reformed, is affirmed.