

# NUMBERS 13-15-00229-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THEODORE ENDTER
A/K/A THEODORE ENDLER,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the County Court at Law No. 1 of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Longoria, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Theodore Endter appeals his conviction of unlawfully carrying a weapon, a class "A" misdemeanor. *See* TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A) (West, Westlaw through 2015 R.S.). After a bench trial, the trial court found appellant guilty and sentenced him to ninety days in jail, probated for one year. By two issues, appellant

argues that the evidence is insufficient to support his conviction and that the trial court erred by denying his motion to suppress. We affirm.

## I. BACKGROUND

Corpus Christi Police Officer Jonathan McGinley responded to a "man down" call at Whataburger on South Padre Island Drive in Corpus Christi. Appellant was "slumped over" in a vehicle "parked in the lane of the drive-thru." As he approached, Officer McGinley determined that appellant was "passed out" while he was "sitting in the driver's seat, slumped forward." Officer McGinley concluded that appellant was intoxicated.

Officer McGinley's partner, Officer Joshua Swain, opened the driver's side door of appellant's vehicle. As he did so, appellant slid out of the seat toward Officer Swain. After several attempts, the officer succeeded in waking up appellant. Officer Swain noticed several signs of appellant's intoxication, including an odor of alcohol, bloodshot eyes, and slurred speech. Officer Swain also spotted an open bottle of tequila on the floorboard of the passenger side of the vehicle. Officer Swain asked appellant if he was carrying any weapons. After appellant responded that he was, Officer Swain located a Glock handgun in appellant's front waistband.

After the State rested its case-in-chief, appellant moved for a directed verdict, arguing appellant was not engaged in criminal activity. The trial court denied appellant's motion for a directed verdict and found him guilty. This appeal followed.

## II. LEGAL SUFFICIENCY OF THE EVIDENCE

2

By his first issue[1], appellant argues the evidence at trial was legally insufficient to sustain his conviction for unlawful carrying a weapon under section 46.02(a-1)(1) of the Texas Penal Code.[2]  *See id.* § 46.02(a–1)(1).

## A.    Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).  We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.  *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the

_____

[1] In the body of his brief, appellant mistakenly refers to his first issue as "[t]he trial judge erred in denying Appellant's motion for directed verdict/motion to suppress evidence obtained pursuant to an illegal vehicle stop."  His "issues presented" section correctly identifies his first issue as challenging the sufficiency of the evidence.

[2] In his reply brief, appellant contends that he responded to the "original information" because the State allegedly failed to notify him of its "amended information."  *See* TEX. CODE CRIM. PROC. ANN. art. 28.10. (West, Westlaw through 2015 R.S.) (State may amend an information or indictment after notice to the defendant).  Failure to object to a defect, error, or irregularity of form or substance in an indictment or information before the trial date waives error unless the defect is fundamental.  *See* TEX. R. APP. P. 33.1(a). Nothing in the record shows that appellant complained of this alleged defect prior to the trial date, or at any time other than in his reply brief.  *Gomez v. State*, 730 S.W.2d 144, 145 (Tex. App.—Corpus Christi 1987, pet. ref'd).  To the extent appellant complains of any error in the information, we conclude that such a complaint is waived.

defendant was tried. *Id.* The offense of unlawfully carrying a weapon, as charged in the information, required the State to prove that appellant: (1) intentionally, knowingly, or recklessly carried on or about his or her person a handgun; (2) in a motor vehicle under his control; and (3) was engaged in criminal activity. *See* TEX. PENAL CODE ANN. § 46.02(a–1)(2)(A).

**B.      Applicable Law**

The Texas Penal Code provides:

(a-1) A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun in a motor vehicle or watercraft that is owned by the person or under the person's control at any time in which:

(1) the handgun is in plain view, unless the person is licensed to carry a handgun under Subchapter H, Chapter 411, Government Code, and the handgun is carried in a shoulder or belt holster; or

(2) the person is:

(A) engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating;

(B) prohibited by law from possessing a firearm; or

(C) a member of a criminal street gang, as defined by Section 71.01.

*Id.*

**C.      Analysis**

Appellant confines his arguments to the location of the handgun and the ownership of the truck. Specifically, appellant claims that because the evidence showed the

4

handgun was not in plain view and because the State failed to prove ownership of the truck, the evidence is insufficient to support his conviction. We disagree.

First, appellant's argument disregards the amended information, which states:

<u>COUNT TWO</u>

On or about February 22, 2014, and anterior to the filing of this Complaint, in Nueces County, State of Texas, Theodore Endter did there and then intentionally or knowingly carry on or about HIS person a handgun in a MOTOR VEHICLE that was then and there UNDER THE DEFENDANT'S CONTROL, and the defendant was then and there engaged in criminal activity, to-wit: DRIVING WHILE INTOXICATED.

While appellant correctly points out that a defendant's carrying a concealed handgun in a vehicle may be insufficient by itself to support a conviction under the statute, such evidence combined with other evidence, such as that the defendant was engaged in criminal activity, prohibited by law from possessing a firearm, or a member of a criminal street gang, is sufficient to meet the statutory elements of the offense. *See id.*

Here, the State presented evidence that appellant was carrying a handgun in his waistband *and* evidence that appellant was driving while intoxicated. It is undisputed that appellant was in possession of a handgun while sitting in the vehicle. Further, based on Officer Swain's testimony that he smelled the odor of alcohol combined with appellant's bloodshot eyes and slurred speech, a fact-finder could reasonably conclude that appellant was intoxicated. *See Brooks*, 323 S.W.3d at 899 ("The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony."). Moreover, given that appellant was discovered slumped over in the driver's side of the vehicle parked in a drive-thru lane of a Whataburger parking lot, a fact-finder could reasonably conclude that appellant committed the offense of driving while

5

intoxicated. *See Dornbusch v. State*, 262 S.W.3d 432 (Tex. App.—Fort Worth 2008, no pet.) (upholding a DWI conviction where the defendant was not driving the vehicle but was found asleep or passed out in the driver's seat with the engine running and, thus, had taken action to affect the functioning of the vehicle in a manner that would enable the vehicle's use); *Barton v. State*, 882 S.W.2d 456 (Tex. App.—Dallas 1994, no pet.) (same).

Secondly, appellant's argument that the State failed to prove that he was the owner of the vehicle is also unpersuasive. Appellant offers no authority, and we find none, requiring the State to prove ownership of the vehicle as an element of the offense. *See* TEX. PENAL CODE ANN. § 46.02(a–1). The plain language of the statute, as stated in the amended information, requires the State to prove that appellant possessed "control" over the vehicle. Although the statute does not define "control," other courts have found that control does not necessarily involve driving or moving. *See Dornbusch*, 262 S.W.3d 432 (defendant asleep in driver's seat of idling vehicle parked in parking lot); *see also Hearne v. State*, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (defendant asleep behind wheel of idling vehicle in "park" in roadway); *Barton*, 882 S.W.2d at 458 (same, but vehicle in "neutral").

Officer Swain testified that he observed appellant slumped forward in the driver's seat of the vehicle. No one else was present in the vehicle. Although there was no testimony offered about whether the vehicle was operational, or had recently been operated, given the circumstances surrounding appellant's encounter with the police, we conclude that a fact-finder could reasonably conclude that the vehicle was under appellant's control. *See Brooks*, 323 S.W.3d at 899. The evidence is legally sufficient

6

to support appellant's conviction. *Johnson,* 364 S.W.3d at 293–94. Appellant's first issue is overruled.

## III. MOTION TO SUPPRESS

By his second issue, appellant asserts that "the trial judge erred in denying appellant's motion for directed verdict/motion to suppress evidence obtained pursuant to an illegal vehicle stop."[3] The State responds by arguing that appellant raised his evidentiary complaints after the evidence was admitted, thus forfeiting his complaints. We agree with the State.

### A. Preservation

Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion. *See Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007) (citing *Jones v. State,* 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 2007) (en banc)). To preserve error, an appellant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *see Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). An objection during trial is not required to preserve error to the admission of evidence that was the subject of a pre-trial motion to suppress. *See Ebarb v. State*, 598 S.W.2d 842, 843 (Tex. Crim. App. [Panel Op.] 1980) (holding no trial objection is required to preserve a complaint of denial of motion to suppress). The error alleged on appeal must comport with the objection submitted to the trial court. *See* TEX. R. APP. P. 33.1(a); *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (en banc) ("The legal basis of a complaint

---

[3] A motion for a directed verdict is a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

raised on appeal cannot vary from that raised at trial.").

## B.    Analysis

Appellant filed a pre-trial motion to suppress; however, there is no evidence in the record that the trial court heard the motion or otherwise ruled on it.   Although appellant construes the error on appeal as a denial of a motion to suppress, the record shows that his arguments at trial were couched as a motion for a directed verdict.   Further, to the extent appellant argued at trial that the police violated his Fourth Amendment rights, he raised such arguments after the State rested its case-in-chief.   This is akin to appellant stating he has no objection to the State's evidence.   *See Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983) (en banc); *Grisso v. State*, 264 S.W.3d 351, 353-54 (Tex. App.—Waco 2008, no pet.).   Consequently, his second issue has not been preserved. *See* TEX. R. APP. P. 33.1(a).   Appellant's second issue is overruled.[4]

### IV.    CONCLUSION

The trial court's judgment is affirmed.

GREGORY T. PERKES

Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of September, 2016.

---

[4] Appellant's motion to suppress was preserved in his companion case of driving while intoxicated-third offense, which was heard in the 117th District Court in Nueces County before the present case.   We have addressed the suppression issue in a memorandum opinion under appellate cause number 13-15-0086-CR.