Jessie **MEDINA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–06–00120–CR.

Court of Appeals of Texas, Waco.

Nov. 14, 2007.

Sarah C. Keathley, Keathley & Keathley, Corsicana, for appellant.

J. Keith Meredith, Limestone County Asst. Dist. Atty., Fairfield, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

BILL VANCE, Justice.

A jury convicted Jessie Medina of possession of methamphetamine with the intent to deliver and sentenced him to thirty-five years' imprisonment. Medina raises one issue in this appeal: that the evidence is legally insufficient to support his conviction. We will affirm.

### Background

Medina, and his girlfriend, Michelle Paxton, were driving through Wortham, Texas, when they were pulled over for the offense of failing to maintain a single marked lane. The vehicle was leased and driven by Paxton, and Medina was asleep in the backseat. Officer Busby removed Paxton from the vehicle, observed that she was nervous, and requested that she consent to a search of the vehicle. She consented, and as a result of the search, a wrapped bag of methamphetamine was found under the vehicle's hood on the driver's-side of the engine compartment. Officer Busby also found a backpack containing a set of scales with an unidentified white substance and liquid GHB, an illegal narcotic, in the backseat of the car where Medina had been sleeping. He also found methamphetamine in Paxton's purse and a blowtorch, commonly used to make glass pipes for drug consumption, in the toolbox in the back of the vehicle.

A jury found Medina guilty of possession of methamphetamine with intent to deliver but not guilty of possession of GHB with intent to deliver.

### Legal Sufficiency Standard

In his sole issue, Medina argues that the evidence is legally insufficient to uphold his conviction. He argues that the State failed to "affirmatively link" him to the methamphetamine found in the vehicle. He contends that the evidence presented by the State showed only two affirmative links: 1) that he was in the vicinity of the contraband; and 2) that the testimony of Paxton, an accomplice witness, indicated that he was knowledgeable about the drugs and its purpose. Medina contends that in light of the possible affirmative links that the State failed to show, his conviction must be reversed.

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. _See Jackson v. Virginia,_ 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. _Adelman v. State,_ 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. _Curry v. State,_ 30 S.W.3d 394, 406 (Tex.Crim.App.2000).

To prove drug possession, the State must show 1) a defendant exercised

care, custody, control, or management over the drugs, and 2) that he knew he possessed a controlled substance. *Rischer v. State,* 85 S.W.3d 839, 843 (Tex.App.-Waco 2002, no pet.). A defendant's knowing possession of narcotics may not be proved merely by his presence at the scene when the drugs were found, unless the defendant had been in exclusive possession of that location. *See Hudson v. State,* 128 S.W.3d 367, 374 (Tex.App.-Texarkana 2004, no pet.).

### Affirmative Links

When a defendant is not in exclusive possession or control of the place where the drugs are found, the State must affirmatively link the defendant with the drugs. *Id.* Factors which have been considered affirmative links include: 1) presence when the search was executed; 2) contraband in plain view; 3) proximity to and accessibility of the contraband; 4) the accused being under the influence of contraband when arrested; 5) the accused's possession of other contraband when arrested; 6) the accused's incriminating statements when arrested; 7) attempted flight; 8) furtive gestures; 9) odor of the contraband; 10) presence of other contraband; 11) the accused's right to possession of the place where contraband was found; and 12) drugs found in an enclosed place. *Id.* The number of factors present is not as important as the "logical force" or the degree to which the factors, alone or in combination, tend affirmatively to link the accused to the contraband. *See Bellard v. State,* 101 S.W.3d 594, 599 (Tex.App.-Waco 2003, pet.ref'd).

Furthermore, the defendant must be affirmatively linked to the contraband itself rather than the area where it was found. *Mendoza v. State,* 583 S.W.2d 396, 399 (Tex.Crim.App.1979). When narcotics are secreted, the State must address whether the defendant knew of the existence of the secret place and its contents. *Vargas v. State,* 883 S.W.2d 256, 263 (Tex. App.-Corpus Christi 1994, pet. ref'd).

Medina contends that the evidence relied on by the State does not establish an affirmative link between him and the under-hood methamphetamine, arguing that the State's reliance upon the items found in the vehicle fails to establish affirmative links. Those items were: (a) the scale in the backpack with an untested white substance; (b) the GHB liquid (which the jury found Medina not guilty of possessing); (c) a "blowtorch"; (d) methamphetamine in the driver's purse. Medina claims that, independently, these items show very little in the way of affirmative links. First, the unknown substance on the scales cannot prove a connection to the methamphetamine. Second, the jury acquitted Medina of possessing the GHB. Third, the blowtorch created no direct link between Medina and drug usage or possession. Fourth, the methamphetamine in Paxton's purse solidified her responsibility, not Medina's, for the possession. Medina further argues that these "links" only revolve around his presence in the vehicle and that mere presence in the vicinity of drugs will not suffice to establish that a defendant knowingly possessed the controlled substance. *Watson v. State,* 752 S.W.2d 217 (Tex. App.-San Antonio 1988, pet. ref'd).

The State counters that the evidence presented at trial is legally sufficient to convict Medina by pointing to several factors that establish an affirmative link; specifically, that: (1) Medina was present when the search was conducted, (2) there was other contraband and paraphernalia present, and (3) the place where the drugs were located was enclosed and Medina was inside the vehicle.

Officer Busby found 48 grams of methamphetamine under Paxton's hood. Offi-

cer Willis, a drug expert, testified that 48 grams of methamphetamine would be a delivery amount, not an amount for personal consumption. The State argues that because of the large amount of methamphetamine combined with Medina's possession of scales commonly used for measuring methamphetamine, this satisfied the essential element that Medina possessed the drugs with the intent to deliver. We agree with the State. The record indicates that Medina was in possession of the backpack containing the scales and therefore was in possession of paraphernalia, an affirmative link factor, connecting a defendant to contraband. *Bellard*, 101 S.W.3d at 599. After reviewing this evidence in the light most favorable to the verdict, we find the evidence is legally sufficient to affirmatively link Medina to the methamphetamine. *Adelman*, 828 S.W.2d at 422.

### Accomplice Testimony

 Medina further argues that the evidence to sustain his conviction is legally insufficient because no independent evidence exists to corroborate the testimony given by Paxton. Medina cites the accomplice-witness rule, article 38.14 of the Texas Code Criminal Procedure, which provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Tex.Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).

 Paxton testified that Medina picked her up from the apartment where she had purchased the methamphetamine and that he was aware of her purpose at the apartment. She also testified that Medina knew that she placed the drugs under the hood, and was in the backseat at the time. Under the accomplice-witness rule, the reviewing court eliminates all of the accomplice testimony from consideration and then examines the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Castillo v. State*, 221 S.W.3d 689, 691 (Tex.Crim. App.2007). The corroborating evidence need not be sufficient by itself to establish guilt beyond a reasonable doubt, nor must it directly link the appellant to the crime. *Id.* There must simply be some non-accomplice evidence which tends to connect the appellant to the commission of the offense alleged in the indictment. *Id.*

Medina argues that the corroboration evidence is insufficient. We disagree. Without Paxton's testimony the trier of fact was still left with significant corroborating testimony. First, Officer Busby testified that Medina had possession of the backpack containing GHB and scales used for measuring drugs like methamphetamine in order to sell them. Second, Medina was in an enclosed place and in close proximity to the methamphetamine. Third, Medina was present when the search was conducted. Last, Officer Willis testified that the amount of methamphetamine recovered was intended for delivery purposes and would therefore require a scale, which was found in Medina's possession.

This non-accomplice evidence tends to connect Medina with the offense of possession of methamphetamine and therefore provides sufficient corroboration for the accomplice-witness testimony of Paxton. *See* Tex.Code Crim. Proc. Ann. art. 38.14; *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim.App.1997).

### Conclusion

Viewing the evidence in the light most favorable to the verdict, we hold that a

rational trier of fact could have found beyond a reasonable doubt that Medina possessed and intended to distribute methamphetamine. Accordingly, we overrule Medina's sole issue and affirm the trial court's judgment.