Patricia Lynn GRISSO, Appellant

v.

The STATE of Texas, Appellee.

No. 10–06–00393–CR.

Court of Appeals of Texas,
Waco.

July 30, 2008.

F. Clint Broden, Broden & Mickelson, Dallas, for Appellant.

B.J. Shepherd, Hamilton County Dist. Atty., Meridian, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

In a bench trial, Patricia Grisso was convicted of possession of methamphetamine and sentenced to five years' probation with a fine. In three issues, Grisso argues that the trial court erred in denying her motion to suppress because she was illegally detained and that the evidence is legally and factually insufficient to show that she knowingly possessed the methamphetamine. We will affirm.

## Background

Evidence at the suppression hearing showed that on March 12, 2005, Hico Police Officer Brian Dirickson received a call regarding a disturbance at Jersey Lily Restaurant. The call related to a male suspect being intoxicated and disturbing customers. Upon his arrival, Dirickson saw the suspect, Jamie Grisso, walking out of the restaurant, accompanied by his wife. Dirickson approached and asked both the Grissos for identification. While Patricia went to the couple's pickup truck to retrieve her driver's license, Dirickson placed Jamie under arrest for public intoxication.

When Patricia Grisso got into the pickup truck, Dirickson asked her if she had any weapons in the vehicle, and she told him that she had a handgun in her purse. Dirickson took the gun and then placed it in his trunk for safety reasons. Grisso then gave Dirickson her license, and he asked if she had anything illegal in the

vehicle. Grisso began to cry and told Dirickson that he could search the vehicle if he liked.

During the search, Dirickson located a marijuana cigarette in the ashtray and methamphetamine in a makeup bag located behind the driver's seat. He testified that the methamphetamine was located in a front zipper pocket along with several other items. Dirickson also found a spoon, a straw, and a vinyl repair kit in the main compartment of the bag along with several cosmetic items. When questioned by Dirickson, Grisso admitted that she knew the marijuana cigarette was in the ashtray of the vehicle. Nevertheless, she denied knowledge of the methamphetamine and told Dirickson that a friend put it in the bag. She also claimed that she had borrowed the makeup bag from a friend. Dirickson then confiscated the drugs and placed Grisso under arrest for possession of a controlled substance. At the conclusion of the suppression hearing, the trial judge denied the motion to suppress.

*Trial*

At trial, Thomas Addy testified as a defense witness. His mother is Brenda McGill, and she and Grisso are "best friends." Addy had periodically stayed at his mother's home since 2001. He identified the makeup bag at issue as his mother's makeup bag that she kept in a closet in a room in which he stayed when he was at his mother's house. He also identified the makeup bag as a place where he would hide drugs while staying with his mother and admitted to putting methamphetamine in the zipper pocket of the bag. Addy was arrested for possession of methamphetamine a few days after he had placed the methamphetamine in the makeup bag.

Addy explained that, when he was in jail on the possession charge, his mother informed him about Grisso's arrest, and he eventually admitted to her that he had placed the methamphetamine in the bag for which Grisso was arrested. He testified that to his knowledge, Grisso did not know the methamphetamine was in the makeup bag, and that in the nine years he knew Grisso, he never knew her to use methamphetamine.

State's exhibit one, admitted at trial, established that the seized methamphetamine weighed 1.24 grams. The trial judge found Grisso guilty stating, "You don't pack a bag like that,—like that one is packed and not know what's in it."

### Suppression

■ In her first issue, Grisso contends that the trial court erred in denying her motion to suppress. Specifically, she argues that she was illegally detained and that the methamphetamine found in the makeup bag was the unlawful fruit of her illegal detention, in violation of the Fourth Amendment to the United States Constitution.

The State asserts that Grisso subsequently waived any complaint regarding suppression. We agree. Grisso filed a motion to suppress the methamphetamine found in the makeup bag, and the trial court denied the motion. These actions alone would have preserved the suppression issue for review without further objection by Grisso during the trial. At trial, however, when the State offered the methamphetamine from the makeup bag, Grisso affirmatively stated, "Your Honor, we will not object to these." The methamphetamine was admitted into evidence.

■ The Court of Criminal Appeals has held in similar situations that the suppression issue was not preserved for review. *See Moody v. State*, 827 S.W.2d 875, 889 (Tex.Crim.App.1992); *Dean v. State*, 749 S.W.2d 80, 82–83 (Tex.Crim.App.1988); *Harris v. State*, 656 S.W.2d 481, 484 (Tex.

Crim.App.1983); *McGrew v. State*, 523 S.W.2d 679 (Tex.Crim.App.1975). When evidence is offered during trial and defense counsel affirmatively represents that the defendant has "no objection" to the evidence, any error in the admission of the evidence is waived even if the error had been previously preserved by a suppression motion and adverse ruling. *Moody*, 827 S.W.2d at 889; *Dean*, 749 S.W.2d at 82–83; *Harris*, 656 S.W.2d at 484; *McGrew*, 523 S.W.2d at 680–81. Because Grisso affirmatively stated that she had no objection to the introduction of the evidence seized from the makeup bag, we hold that Grisso did not preserve her complaint with respect to the admission of that evidence. Grisso's first issue is overruled.

### Sufficiency of the Evidence

■ In her next two issues, Grisso challenges the legal and factual sufficiency of the evidence concerning her knowing possession of the methamphetamine. She argues that the State failed to establish sufficient affirmative links between her and the methamphetamine. Additionally, Grisso argues that, because Addy admitted at trial that he placed the methamphetamine in the bag without her knowledge, the evidence is factually insufficient to prove her knowing possession.

■ When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the

verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex.Crim.App.1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry*, 30 S.W.3d at 406.

■ In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim.App.2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000). "The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7 (quoting *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996)). The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment. . . ." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Texas L. Rev. 515, 519 (1991)).

■ To prove drug possession, the State must show 1) a defendant exercised care, custody, control, or management over the contraband, and 2) that she knew she possessed a controlled substance. *Rischer v. State*, 85 S.W.3d 839, 843 (Tex.App.-Waco 2002, no pet.). A defendant's knowing possession of contraband may not be proved merely by her presence at the scene when the drugs were found, unless the defendant had been in exclusive possession of that location. *See Hudson v. State*, 128 S.W.3d 367, 374 (Tex.App.-Texarkana 2004, no pet.). The control over the contraband need not be exclusive, but

can be jointly exercised by more than one person. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App.1986).

When the accused is not in exclusive control of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband to show her knowledge of or control over the contraband. *Id.* Factors which have been considered affirmative links include: 1) the accused's presence when the search was executed; 2) contraband in plain view; 3) the accused's proximity to and accessibility of the contraband; 4) the accused's being under the influence of contraband when arrested; 5) the accused's possession of other contraband when arrested; 6) the accused's incriminating statements when arrested; 7) attempted flight; 8) furtive gestures; 9) odor of the contraband; 10) presence of other contraband; 11) the accused's right to possession of the place where contraband was found; and 12) drugs found in an enclosed place. *Medina v. State,* 242 S.W.3d 573, 576 (Tex.App.-Waco 2007, no pet.) (mem.op.); *see Harris v. State,* 994 S.W.2d 927, 933 (Tex.App.-Waco 1999, pet. ref'd). The number of factors present is not as important as the "logical force" or the degree to which the factors, alone or in combination, tend affirmatively to link the accused to the contraband. *See Bellard v. State,* 101 S.W.3d 594, 599 (Tex.App.-Waco 2003, pet. ref'd). Furthermore, the defendant must be affirmatively linked to the contraband itself rather than the area where it was found. *Mendoza v. State,* 583 S.W.2d 396, 399 (Tex.Crim.App.1979).

The affirmative links in this case include the close proximity and accessibility of the methamphetamine to Grisso, the enclosed space of the car and the makeup bag, and the fact that the methamphetamine was in a makeup bag she had predominant control over. Also, Dirickson's testimony that Grisso originally claimed that a friend put the drugs in the bag but later denied ownership of the bag and the drugs is another affirmative link tending to establish Grisso's knowledge and control of the methamphetamine. Finally, the marijuana found in the car, the unlicensed weapon in Grisso's purse, and the straw and spoon, commonly associated with methamphetamine use, also found in the makeup bag, is circumstantial evidence that implicates Grisso.

The totality of the circumstances presents some evidence to indicate Grisso's knowledge and control of the methamphetamine. *See Armstrong v. State,* 82 S.W.3d 444, 449 (Tex.App.-Austin 2002, no pet.). Viewed in the light most favorable to the verdict, the combined force of the evidence in this case would have allowed a rational juror to find the legal elements of methamphetamine possession beyond a reasonable doubt.

Although Addy testified that he placed the methamphetamine in the makeup bag, he also testified that he put it in the bag while the zipper pocket was empty. When Grisso was arrested, several pieces of jewelry and other items, including the drugs, were found in the zipper pocket. Affording due deference to the factfinder's credibility determinations on Addy's testimony, and considering the evidence in a neutral light, the factfinder was rationally justified in finding beyond a reasonable doubt that Grisso knowingly possessed methamphetamine. *See Watson,* 204 S.W.3d at 415. Because the evidence is legally and factually sufficient to support the conviction, we overrule Grisso's second and third issues.

## CONCLUSION

Having overruled all of Grisso's issues, we affirm the judgment of the trial court.

(Chief Justice GRAY concurs in a judgment affirming Grisso's conviction. A separate opinion will not issue.).