

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00151-CR

**BILLY JOE GIBSON,**

                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                              **Appellee**

---

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 30,862

---

## MEMORANDUM OPINION

---

In a bench trial, Billy Joe Gibson was convicted of possession of a controlled substance and sentenced to sixteen months confinement in a state jail facility. On appeal, he argues that the evidence is legally and factually insufficient to support his conviction. We will affirm.

### Background

On September 11, 2006, Officer Boatright, a member of the Navarro College Police Department, stopped Gibson for failure to use a turn signal on the campus of

Navarro College. After Gibson consented to a search of his vehicle, the officer found .03 grams of cocaine in the car.

## Legal and Factual Sufficiency

In his sole issue, Gibson argues that the evidence is legally and factually insufficient to support his conviction due to a lack of affirmative links connecting him to the cocaine.

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in

dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7 (quoting *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment. . . ." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence*," 69 TEXAS L. REV. 515, 519 (1991)).

To prove drug possession, the State must show 1) a defendant exercised care, custody, control, or management over the contraband, and 2) that he knew he possessed a controlled substance. *Rischer v. State*, 85 S.W.3d 839, 843 (Tex. App.—Waco 2002, no pet.). A defendant's knowing possession of contraband may not be proved merely by his presence at the scene when the drugs were found, unless the defendant had been in exclusive possession of that location. *See Hudson v. State*, 128 S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.). The control over the contraband need not be exclusive, but can be jointly exercised by more than one person. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).

When the defendant is not in exclusive control of the place where the contraband is found, the State must show additional affirmative links between the defendant and the contraband to show his knowledge of or control over the contraband. *Id.* Factors which have been considered affirmative links include: 1) the defendant's presence when the search was executed; 2) contraband in plain view; 3) the defendant's proximity to and accessibility of the contraband; 4) the defendant's being under the influence of

contraband when arrested; 5) the defendant's possession of other contraband when arrested; 6) the defendant's incriminating statements when arrested; 7) attempted flight; 8) furtive gestures; 9) odor of the contraband; 10) presence of other contraband; 11) the defendant's right to possession of the place where contraband was found; and 12) drugs found in an enclosed place. *Medina v. State*, 242 S.W.3d 573, 576 (Tex. App.—Waco 2007, no pet.) (mem. op.); *see Harris v. State*, 994 S.W.2d 927, 933 (Tex. App.—Waco 1999, pet. ref'd). The number of factors present is not as important as the "logical force" or the degree to which the factors, alone or in combination, tend affirmatively to link the defendant to the contraband. *See Bellard v. State*, 101 S.W.3d 594, 599 (Tex. App.—Waco 2003, pet. ref'd). Furthermore, the defendant must be affirmatively linked to the contraband itself rather than the area where it was found. *Mendoza v. State*, 583 S.W.2d 396, 399 (Tex. Crim. App. 1979).

Gibson argues that the State failed to establish sufficient affirmative links between him and the cocaine for several reasons. First, Gibson claims that a friend owned the car he was driving. Allegedly, the vehicle's owner asked Gibson to use the car to pick up his brother from Navarro College. Second, he had only been in the car for five minutes when he was pulled over, and he did not notice the small amount of cocaine found in the front and back seats.

Gibson further argues that the total weight of the contraband was only .03 grams and most of it was found in the glove compartment on the passenger side of the vehicle. Even though a small portion of the contraband was found in the driver's seat of the car, it was in powder form and therefore not conveniently accessible to Gibson. Moreover,

when he was pulled over by Boatright, Gibson was not under the influence of drugs, there were no drugs or paraphernalia on his person, he did not make furtive gestures, he never attempted to flee, and instead he offered to allow Boatright to search the vehicle before Boatright asked. He also argues that Boatright testified that he had previous experience with the vehicle's owner and knew him to be a person who used cocaine.

The State counters that the evidence presented at trial is legally and factually sufficient to convict Gibson by pointing to several factors that establish an affirmative link; specifically, that: (1) the cocaine was located in the front seat of the vehicle, in the back seat, and the glove compartment, all locations conveniently accessible to Gibson. *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet ref'd). (2) the cocaine in the front seat and the back seat was in plain view. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); (3) Gibson was the driver of the vehicle when Boatright found the cocaine and being the driver of a vehicle in which contraband is found is considered an affirmative link to the contraband. *Powell v. State*, 112 S.W.3d 642, 645-46 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); (4) the cocaine was found in an enclosed space. *Robinson v. State*, 174 S.W.3d 320, 327 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); and (5) the conduct of the defendant indicated a consciousness of guilt. *Gilbert*, 874 S.W.2d at 298. We agree with the State.

In this case, Gibson was the driver of the vehicle in which the contraband was found. Some of the cocaine was discovered in plain view on the back seat of the vehicle, and all of the cocaine was conveniently accessible to Gibson. Although, some

of the cocaine was recovered from the passenger side of the vehicle, some of the cocaine was also recovered from the driver's seat where Gibson was sitting. Along with the cocaine, Boatright testified that when he pulled Gibson over and asked him for his identification, Gibson appeared to be extremely nervous, wide-eyed and sweating profusely. According to Boatright, Gibson was talking in a fast non-stop manner and it was because of this excited emotional condition that Boatright decided to further investigate Gibson by asking for his consent to search the vehicle.

In viewing the evidence in the light most favorable to the verdict, we cannot say that a rational trier of fact could not have found guilt beyond a reasonable doubt or that the court was not rationally justified in finding guilt. *Curry*, 30 S.W.3d at 406. Accordingly, we find that the evidence is legally sufficient to support a finding that Gibson knowingly possessed cocaine as alleged. In viewing the evidence in a neutral light, we find that the court was justified in finding Gibson guilty. *Watson*, 204 S.W.3d. at 415. The record shows that some of the cocaine was found in the car Gibson was driving, was in plain view on the same seat where he was sitting and in plain view on the back seat. We do not find this evidence so weak or the contrary evidence so strong as to render the verdict manifestly unjust. Accordingly, we find that the evidence is factually sufficient to support a finding that Gibson knowingly possessed cocaine as alleged. We overrule Gibson's sole issue.

## Conclusion

Having overruled Gibson's sole issue, we affirm the judgment of the trial court.

BILL VANCE
Justice


Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray concurs in the judgment with a note)*
Affirmed
Opinion delivered and filed December 17, 2008
Do not publish
[CR25]

*(Chief Justice Gray concurs in the judgment of the Court to the extent it affirms the trial court's judgment of conviction and sentence.  A separate opinion will not issue.)