Affirmed and Opinion filed June 10, 2010. 


 

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00596-CR



Christopher
Roberts, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 87th District Court

Freestone County, Texas

Trial Court
Cause No. 05-115-CR



 

OPINION 

Appellant Christopher Roberts was convicted of
possession of a controlled substance and sentenced to fifty years’
imprisonment.  In four issues, appellant contends that the evidence is legally
and factually insufficient to support his conviction, the trial court’s
punishment charge contained error, and the State failed to provide him with
adequate notice of an enhancement allegation.  We affirm.  

                                                                                        
I.           
Factual and Procedural
Background

Shortly after midnight on June 27, 2005, appellant
and two acquaintances—Christopher Sheppard and Travoy Hollie—left a club in a
vehicle driven by appellant and registered to appellant’s wife.  Officer Wade
Harrison of the Teague Police Department stopped appellant’s vehicle after
appellant failed to use a turn signal while turning at an intersection.  During
the traffic stop, Officer Harrison obtained appellant’s consent to search the
vehicle.  Officer Harrison discovered a clear plastic bag containing an
off-white powder substance in one of the pockets of a jacket lying on the back
seat.  A field test of the substance performed by Officer Harrison indicated a
positive result for the presence of cocaine.  None of the vehicle’s occupants
claimed possession of the plastic bag.  Officer Harrison informed the occupants
he would have to arrest each of them if no one claimed possession.  A few
minutes later, Officer Harrison asked appellant if the drugs belonged to him
and appellant responded “Yeah, I’ll take the charge.”  Following this
statement, Officer Harrison arrested appellant.  Officer Corey House assisted
Officer Harrison during the stop of appellant’s vehicle.  Officer House
observed appellant’s vehicle while it was parked outside the club prior to the
traffic stop.  Officer House noticed a steady stream of foot traffic to and
from the vehicle’s driver’s side door.  Based on his knowledge and experience,
Officer House believed appellant was dealing drugs from the vehicle.  Following
appellant’s arrest, the substance contained in the plastic bag was sent to the
Texas Department of Public Safety Crime Lab, where forensic testing showed it
to be 21.26 grams of cocaine.  

Appellant was subsequently indicted with the offense
of possession with intent to deliver cocaine in the amount of four grams or
more but less than two-hundred grams.  See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a),
(d) (Vernon Supp. 2009).  Appellant pleaded “not guilty” to the charged offense,
and the case proceeded to trial.  At the conclusion of the guilt/innocence
phase of trial, the trial court included an instruction in the jury charge for the
lesser-included offense of possession of cocaine in an amount more than four
but less than two-hundred grams in addition to an instruction regarding the
charged offense of possession with intent to deliver.  See id. §§ 481.112,
481.115(a), (d).  Appellant was convicted of the lesser-included possession
offense.  The jury was unable to reach a unanimous punishment verdict, however,
and the trial court declared a mistrial.  Approximately one month later, a
second jury was empanelled and assessed appellant’s punishment at fifty years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  This appeal followed.[1] 


                                                                                                                                                            
II.           
Analysis

1.      Legal
Sufficiency of the Evidence 

In his first issue, appellant
contends that the evidence is legally insufficient to show that he possessed
the 21.26 grams of cocaine recovered by Officer Harrison.  When reviewing the
legal sufficiency of the evidence, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the charged offense beyond a reasonable
doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). 
We do not ask whether we believe the evidence at trial established guilt beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318–19 (1979). 
We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
In our review, we afford great deference to the fact-finder’s responsibility to
fairly resolve conflicts in the testimony, weigh the evidence, and draw
reasonable inferences regarding basic to ultimate facts.  Clewis v. State,
922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  We presume the fact-finder
resolved any evidentiary conflicts in favor of the prosecution and defer to
that resolution.  Id. at 133 n.13.  

A person commits an offense if he knowingly or
intentionally possesses between four and two-hundred grams of cocaine,
including adulterants or dilutants.  See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a),
(d).  To prove possession, the State must show the accused (1) exercised
control, management, or care over the contraband and (2) knew the substance
possessed was contraband.  Evans v. State, 202 S.W.3d 158, 161 (Tex.
Crim. App. 2006); Cuong Quoc Ly v. State, 273 S.W.3d 778, 781 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref’d).  Possession may be proved through
either direct or circumstantial evidence.  Poindexter v. State, 153
S.W.3d 402, 405–406 (Tex. Crim. App. 2005); see also Rice v. State, 195
S.W.3d 876, 881 (Tex. App.—Dallas 2006, pet. ref’d) (stating jury could infer
knowing or intentional possession of contraband).  

            When, as here,
the accused is not in exclusive possession or control of the place where
contraband is discovered, the State must show additional facts and
circumstances linking[2]
the accused to the contraband to show the accused’s knowledge of or control
over the contraband.  Poindexter, 153 S.W.3d at 406; Grisso v. State,
264 S.W.3d 351, 355 (Tex. App.—Waco 2008, no pet.).  We consider the totality
of the circumstances when determining whether the accused is linked to the
recovered contraband.  See Hyett v. State, 58 S.W.3d 826, 830 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d).  The accused’s connection with the
contraband must be “more than just fortuitous.”  Poindexter, 153 S.W.3d
at 405–06.  The accused’s presence at the scene where contraband is found is
insufficient, by itself, to establish possession.  Evans, 202 S.W.3d at
162.  However, presence or proximity combined with other direct or
circumstantial evidence (e.g., “links”) may be sufficient to establish the
elements of possession beyond a reasonable doubt.  Id.  Additionally,
when narcotics are secreted, the State must address whether the accused knew of
the existence of the secret place and its contents.  Medina v. State,
242 S.W.3d 573, 576 (Tex. App.—Waco 2007, no pet.).  

Reviewing courts have developed several factors
showing a possible link between the accused and contraband, including: (1) the
accused’s presence when the search was conducted, (2) whether the contraband
was in plain view, (3) the accused’s proximity to and the accessibility of the
contraband, (4) whether the accused was under the influence of narcotics when
arrested, (5) whether the accused possessed other contraband or narcotics when
arrested, (6) whether the accused made incriminating statements when arrested,
(7) whether the accused attempted to flee, (8) whether the accused made furtive
gestures, (9) whether there was an odor of contraband, (10) whether other
contraband or drug paraphernalia were present, (11) whether the accused owned
or had the right to possess the place where the contraband was found, (12)
whether the contraband was found in an enclosed place, (13) whether the accused
was found with a large amount of cash, and (14) whether the conduct of the
accused indicated a consciousness of guilt.  See Cuong Quoc Ly, 273
S.W.3d at 781–82; Grisso, 264 S.W.3d at 355.  The number of linking
factors present is not as important as the “logical force” they create to prove
the accused knowingly or intentionally possessed the controlled substance.  Evans,
202 S.W.3d at 162; see also Roberson v. State, 80 S.W.3d 730, 735 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (recognizing proof of links between
the accused and contraband “generates a reasonable inference that the accused
knew of the contraband’s existence and exercised control over it”).  

There are several factors linking appellant to the
cocaine recovered in this case.  As the driver of the vehicle at the time
Officer Harrison performed the traffic stop, appellant was in sole control of
the vehicle.  The vehicle was registered in appellant’s wife’s name, and
appellant’s wife testified that she and appellant owned the vehicle together. 
Appellant thus had ownership of the vehicle and had the right to possess the
place where the contraband was found.  Appellant consented to the search of the
vehicle, and the 21.26 grams of cocaine were found in a jacket belonging to
appellant’s wife.  During the course of the traffic stop, appellant told
Officer Harrison “Yeah, I’ll take the charge” when asked whether the drugs
belonged to him.  The jury was shown a video recording of this exchange taken
from Officer Harrison’s dashboard camera, and Officer Harrison identified
appellant as the individual in the video claiming possession of the cocaine.  At
trial, appellant admitted making this incriminating statement to Officer
Harrison.  Appellant was also carrying a large amount of cash at the time of
his arrest,[3]
and Officer House testified that he believed appellant was involved in drug
transactions due to the steady stream of foot traffic to and from appellant’s vehicle
door while the vehicle was in the club’s parking lot.  We conclude this
evidence establishes sufficient facts and circumstances linking appellant to
the cocaine, thus showing appellant’s knowledge of and control over the contraband. 
See Poindexter, 153 S.W.3d at 405; Grisso, 264 S.W.3d at 354. 
The jury could also conclude that appellant was aware of the place where the
drugs were secreted and the existence of the contraband from his statements to
Officer Harrison that the jacket belonged to his wife and that he claimed
ownership of the cocaine.  See Medina, 242 S.W.3d at 576.  

After viewing the evidence in a light most favorable
to the verdict, we find that a rational juror could have concluded that
appellant exercised actual care, custody, control or management over the 21.26
grams of cocaine recovered by Officer Harrison.  See Evans, 202 S.W.3d
at 166.  The State therefore met its burden of proving the essential elements
of the charged offense beyond a reasonable doubt.  See Tex. Health & Safety Code Ann.
§ 481.115(a), (d).  This renders the evidence legally sufficient to
support appellant’s conviction.  See Salinas, 163 S.W.3d at 737.  We
overrule appellant’s first issue.  

2.      Factual
Sufficiency of the Evidence

In his second issue, appellant argues that the
evidence is factually insufficient to show he possessed the 21.26 grams of
cocaine recovered by Officer Harrison.  When evaluating the factual sufficiency
of the evidence, we view all the evidence in a neutral light and may set aside
a verdict only if we are able to say, with some objective basis in the record,
that a conviction is clearly wrong or manifestly unjust because the great
weight and preponderance of the evidence contradicts the verdict.  Watson v.
State, 204 S.W.3d 404, 414, 417 (Tex. Crim. App. 2006).  We cannot order a
new trial simply because we disagree with the fact-finder’s resolution of an
evidentiary conflict, and we do not intrude on the fact-finder’s role as the
sole judge of the weight and credibility of witness testimony.  See id.
at 417; Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). 
In our review, we discuss the evidence appellant contends is most important in
undermining the fact-finder’s decision.  Sims v. State, 99 S.W.3d 600,
603 (Tex. Crim. App. 2003).  

Appellant points to conflicting evidence presented at
trial regarding who possessed the cocaine recovered from appellant’s vehicle. 
Appellant and appellant’s wife testified that the cocaine did not belong to
appellant.  Appellant’s wife stated that there were no drugs in her jacket when
appellant took the vehicle to pick up Sheppard and Hollie.  When asked who he
believed the drugs belonged to, appellant stated that Hollie likely put them in
the jacket.[4] 
Officer Harrison, however, testified that appellant was the only occupant of
the vehicle who claimed ownership of the cocaine, and the jury was able to view
a video recording of the traffic stop and hear appellant’s statements to
Officer Harrison.  Appellant also argues that Sheppard and Hollie had easier
access to the cocaine than appellant.  Officer Harrison agreed that appellant
was as far away from the jacket as anyone in the vehicle.  While either
Sheppard—the vehicle’s front passenger—or Hollie—the vehicle’s rear passenger—may
have been in closest proximity to the cocaine, the jury could reasonably infer
that the drugs were well within appellant’s reach from the driver’s seat.  See
Irons v. State, No. 06-06-00192-CR, 2007 WL 1362639, at *2–4 (Tex.
App.—Texarkana May 10, 2007, pet. ref’d) (mem. op., not designated for
publication) (concluding contraband discovered under several jackets in
vehicle’s back seat was accessible to appellant, the vehicle’s front passenger,
and finding the logical force of the evidence linked appellant to the
contraband even though the vehicle’s driver testified the contraband belonged
to him and that appellant did not know the contraband was in the vehicle).[5]  

The jury bears the responsibility for resolving
conflicts in the evidence and is free to accept or reject any or all of the
evidence presented by either side.  See Lancon v. State, 253 S.W.3d 699,
706 (Tex. Crim. App. 2008); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000).  Based upon the verdict, the jury chose to disbelieve any testimony
that appellant did not possess the drugs or know the contraband was in the
vehicle.  The jury was in the best position to evaluate the credibility of the
witnesses, and we afford due deference to this determination.  See Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  

Appellant acknowledged telling Officer Harrison, “Yeah,
I’ll take the charge,” when asked if the drugs were his but argues that the jury
could have interpreted this statement in several ways.  In addition to
interpreting appellant’s response as an incriminating statement, appellant
contends that the jury could have believed he only claimed ownership of the
cocaine because he did not want all three of the vehicle’s occupants to be
arrested.  In deciding whether the evidence is sufficient to link contraband to
the accused, the fact-finder is the exclusive judge of the credibility of the
witnesses and the weight to be given their testimony.  Poindexter, 153
S.W.3d at 406; Cuong Quoc Ly, 273 S.W.3d at 781.  Where there are two
permissible views of the evidence, the fact-finder’s conclusion cannot be
clearly erroneous.  Evans, 202 S.W.3d at 163.  In such a situation, the
fact-finder chooses which view to accept.  Id. at 165.  The jury was
free to conclude that appellant claimed ownership of the cocaine because it was
his, rather than because he was did not want his acquaintances to be arrested. 
See Villarreal Lopez v. State, 267 S.W.3d 85, 100–01 (Tex. App.—Corpus
Christi 2008, no pet.) (observing that appellant’s statement of “Who point the
finger?” to police could be interpreted as an innocent or incriminating
statement and declining to reevaluate the weight the jury gave the statement in
arriving at a guilty verdict).  

Appellant further argues that although there are
evidentiary links between appellant and the cocaine, “the links not present
here are far stronger than the mere fact that [a]ppellant was driving a truck
in which drugs were found.”[6] 
While the absence of several links may weigh in appellant’s favor, each case
must be determined on its own facts, and factors that contribute to the
sufficiency of the evidence in one situation may be of little value under
different facts.  Roberson, 80 S.W.3d at 736.  We conclude that the
links established by the evidence in this case are sufficient to support a
finding that appellant knowingly possessed the 21.26 grams of cocaine recovered
by Officer Harrison.  

            After examining
the entire record in a neutral light, we cannot say that the great weight and
preponderance of the evidence contradicts the jury’s verdict or that
appellant’s conviction is clearly wrong or manifestly unjust.  The evidence is
therefore factually sufficient to support appellant’s conviction.  See Watson,
204 S.W.3d at 414, 417.  We overrule appellant’s second issue.  

3.     
State’s Notice of Enhancement Allegations 

The State sought to use four prior convictions to
enhance appellant’s punishment in this case.[7] 
The indictment charging appellant included allegations that appellant had
previously been convicted of three felony offenses, including: 

·       
a June 23, 1994 conviction in cause number W-94-CR-023 in the
United States District Court, Western District of Texas, for felony possession
with intent to distribute cocaine (“Enhancement Allegation One”); 

·       
a November 17, 1994 conviction in cause number 8245-A in
Limestone County, Texas, for felony aggravated assault on a peace officer (“Enhancement
Allegation Two”); and 

·       
a December 8, 1994 conviction in cause number 14,026-CR in
Houston County, Texas, for felony unlawfully carrying a weapon on a licensed
premises (“Enhancement Allegation Three”).  

Prior to trial, the State
filed a notice of intent to also use, for enhancement purposes,  a July 28,
1993 conviction in cause number 7889-A in Limestone County, Texas, for
possession of a controlled substance (“Enhancement Allegation Four”).  

Appellant asserts in his fourth issue that the State
failed to provide pre-trial notice of its intent to use Enhancement Allegation
Four.  However, the supplemental clerk’s record provided for our review
reflects that the State filed a notice of intent in the trial court on October
23, 2007, nearly six months before appellant’s trial.  The State’s notice
identified the offense of conviction, trial cause number, convicting court, and
date of conviction.  This provided appellant with sufficient information to
allow appellant to find the record of former conviction and prepare for trial
concerning whether appellant is the same person named in the prior judgment.  See
Pena v. State, 191 S.W.3d 133, 144 (Tex. Crim. App. 2006).  Appellant was
therefore provided with adequate notice of the State’s intent to use
Enhancement Allegation Four.  See Villescas v. State, 189 S.W.3d 290,
295 (Tex. Crim. App. 2006) (concluding notice received thirteen days prior to
defendant’s punishment hearing constituted adequate notice); Hines v. State,
269 S.W.3d 209, 217 (Tex. App.—Texarkana 2008, pet. ref’d, untimely filed; pet.
ref’d [2 pets.]) (finding adequate notice where motion to enhance was filed six
days before trial).  We overrule appellant’s fourth issue.  

4.     
Jury Charge Error

During appellant’s second punishment trial, appellant
pleaded “true” to Enhancement Allegations One, Two, and Three and “not true” to
Enhancement Allegation Four.  However, the punishment charge instructed the
jury “to find ‘True’ the allegations of the enhancement paragraphs.”  In his third
issue, appellant contends that he suffered egregious harm because the
punishment charge instructed the jury to find Enhancement Allegation Four
“true” after he entered a plea of “not true.”  

We employ a two-step process in analyzing alleged
charge error.  We first determine whether error exists in the charge.  See Middleton
v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).  Here, the punishment
charge contains error because it instructed the jury to find each enhancement
allegation “true” despite appellant’s plea of “not true” to Enhancement
Allegation Four.  We next review the record to determine whether there is
sufficient harm to necessitate reversal.  Id.  

The degree of harm necessary for reversal depends upon
whether error was preserved.  Id.  After the punishment charge was read
to the jury, the trial court asked both parties if there were any objections to
the charge.  Defense counsel replied “No, none, Judge.”  The State now contends
that appellant waived any allegations of charge error by affirmatively stating
there were no objections to the charge.[8] 
The Court of Criminal Appeals has resolved this issue adversely to the State.  An
affirmative statement of no objection to the jury charge is deemed equivalent
to a failure to object.  Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim.
App. 2004); see also Williams v. State, 273 S.W.3d 200, 224 n.86 (Tex.
Crim. App. 2008).  In such situations, an appellant may raise jury charge error
for the first time on appeal but may not obtain a reversal unless the error
resulted in egregious harm.  Bluitt, 137 S.W.3d at 53; Ortiz v. State,
144 S.W.3d 225, 231 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  

Egregious harm is a difficult standard that must be
determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226,
227 (Tex. Crim. App. 2002); Green v. State, 233 S.W.3d 72, 78 (Tex.
App.—Houston [14th Dist.] 2007, pet. ref’d).  Egregious harm due to charge
error exists if the error affects the very basis of the case, deprives the
accused of a valuable right, or vitally affects a defensive theory.  Allen
v. State, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).  In sum, the error
must have been so harmful as to effectively deny the accused a fair and
impartial trial.  See Warner v. State, 245 S.W.3d 458, 461 (Tex. Crim.
App. 2008); Green, 233 S.W.3d at 78.  Neither party has a burden to show
harm; rather, we review the record before us and make an independent assessment
as to whether the jury’s verdict was affected by the charge error. See Warner,
245 S.W.3d at 464; Swearingen v. State, 270 S.W.3d 804, 813 (Tex.
App.—Austin 2008, pet. ref’d).  In determining whether appellant suffered
egregious harm, we consider (1) the entire jury charge, (2) the state of the
evidence, including the contested issues and weight of the probative evidence,
(3) arguments made by counsel, and (4) any other relevant information revealed
by the record as a whole.  Allen, 253 S.W.3d at 264.  

a)     Charge
of the Court 

            Here, the punishment
charge informed the jury that appellant had been found guilty of possession of
cocaine and instructed the jury to assess appellant’s punishment at
imprisonment for any term between five and ninety-nine years or life.  The jury
could also assess a fine up to $10,000.  This is the proper range of punishment
for an enhanced second-degree felony conviction.  See Tex. Penal Code Ann. §§ 12.32,
12.42(b) (Vernon Supp. 2009).  The charge also authorized the jury to consider
all the facts shown by the evidence during the guilt/innocence phase of trial
and named the jurors as the exclusive judges of the facts and credibility to
give any witness testimony, but bound the jury to follow the law contained in
the charge.  Additionally, the charge reiterated that the State bore the burden
of proof throughout all stages of trial.  The charge correctly recited appellant’s
pleas of “true” to Enhancement Allegations One, Two and Three.  After reciting
appellant’s plea of “not true” to Enhancement Allegation Four, the charge
instructed the jury to find each of the enhancement allegations “true.”  Absent
evidence to the contrary, we presume the jury understood and followed the
court’s charge and found Enhancement Allegation Four “true,” despite
appellant’s plea to the contrary.  See Miles v. State, 204 S.W.3d 822,
827–28 (Tex. Crim. App. 2006).  An erroneous jury charge, however, does not
result in automatic reversal of a conviction.  Abdnor v. State, 871
S.W.2d 726, 731 (Tex. Crim. App. 1994); Wood v. State, 271 S.W.3d 329,
336 (Tex. App.—San Antonio 2008, pet. ref’d).  While the charge in this case
was clearly erroneous, our analysis of the remaining factors leads us to
conclude that appellant did not suffer egregious harm.  

b)     The
State of the Evidence

            We consider the
state of the evidence at both the guilt/innocence and punishment phases of
trial.  See Zarco v. State, 210 S.W.3d 816, 824 (Tex. App.—Houston [14th
Dist.] 2006, no pet.).  During both phases of trial, appellant called several
witnesses to testify that he was not involved with drugs and that he did not
possess the cocaine found by Officer Harrison.  According to these witnesses,
appellant was a church-going man who was involved in several community youth
activities.  The State also presented much of the same evidence during each
phase of trial.  Officer Harrison testified at both phases and reviewed the
circumstances leading to appellant’s arrest.  The State also introduced appellant’s
penitentiary packets for Enhancement Allegations One, Two, and Three into
evidence at both phases of trial, as well as a copy of the trial court’s
“Judgment on Jury Verdict of Guilty” for Enhancement Allegation Four.  During
guilt/innocence, appellant admitted being convicted of the first three
enhancement offenses.  Appellant also acknowledged being arrested for the
offense referenced in Enhancement Allegation Four, but denied being convicted. 
Thus, at both phases of trial, appellant contested whether he had been
convicted of the underlying offense contained in Enhancement Allegation Four.  

            Appellant
maintains he was egregiously harmed by the error in the charge because the
State failed to prove that he was convicted of the offense referenced in Enhancement
Allegation Four.  Because appellant pleaded “not true” to Enhancement
Allegation Four, the State was required to prove beyond a reasonable doubt that
the alleged prior conviction existed and that appellant was linked to the
conviction.  See Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App.
2007); Kucha v. State, 686 S.W.2d 154, 155 (Tex. Crim. App. 1985).[9]  The State
may satisfy its burden of proof in a number of ways, including (1) documentary
proof, such as a judgment, that contains sufficient information to establish
both the existence of a prior conviction and the accused’s identity as the
person convicted and (2) the testimony of a witness who personally knows the
accused and the fact of his prior conviction and identifies him.  See
Flowers, 220 S.W.3d at 921–22; Davis v. State, 268 S.W.3d 683, 716
(Tex. App.—Fort Worth 2008, pet. ref’d).  Any type of evidence, documentary or
testimonial, can suffice.  See Flowers, 220 S.W.3d at 922.  

            Here, the State
presented documentary evidence naming “Christopher Roberts” as the individual
convicted in Limestone County on July 28, 1993, in cause number 7889-A for
possession of a controlled substance, namely cocaine.  Appellant denied being
convicted in cause number 7889-A, but did acknowledge being arrested for the
underlying offense.  To show that appellant had been convicted in cause number
7889-A, the prosecutor asked Officer Mike Bell, formerly with the Mexia Police
Department, the following question during the punishment phase: 

[Prosecutor]: Do you have any knowledge of his
[appellant’s] conviction on 7/28/93 for possession of a controlled substance,
cocaine, there in Limestone County?

[Officer Bell]: I do know that he was convicted, yes, sir. 


Officer Bell further testified
that he knew appellant and had dealt with appellant in multiple narcotics and
assault investigations while employed with the Mexia Police Department.[10]  

            We conclude that
these facts, when viewed together, sufficiently establish appellant’s identity
as the person who committed the offense referenced in Enhancement Allegation
Four.  See id. at 923 (concluding the links between an accused and a
prior conviction are sufficiently proved when the totality of the evidence
establishes the existence of the prior conviction and the defendant’s identity
as the person convicted); see also Jones v. State, 500 S.W.2d 661,
664–65 (Tex. Crim. App. 1973) (finding testimony by prosecuting attorney that
he knew appellant had been convicted in a previous case was sufficient to prove
the prior conviction, although the prosecuting attorney was not the prosecutor
in the previous case); Davis, 268 S.W.3d at 716–17 (determining a
judgment naming appellant as individual previously convicted and testimony by
appellant’s ex-wife that she had personal knowledge of appellant’s prior
conviction was sufficient to prove the prior conviction).  Because the evidence
is sufficient to support a finding of “true” regarding Enhancement Allegation
Four, the state of the evidence does not weigh in favor of a finding of
egregious harm.  

c)     Jury
Arguments

            During closing
argument at the punishment phase, the prosecutor urged the jury to sentence
appellant to “serious time” and “send a message” that drugs would not be
tolerated in the community.  The prosecutor also reviewed appellant’s prior
convictions and argued that appellant had not been truthful in pleading “not
true” to Enhancement Allegation Four.  This was followed by a discussion of why
the punishment range available for the jury’s consideration was imprisonment
for life or five to ninety-nine years.[11]
 During this discussion, the prosecutor stated: 

. . . under Texas law, if someone goes to the
penitentiary and comes out, for a felony offense, and then picks up another
felony, goes to the penitentiary and comes out, and then the third time, then
the minimum is going to be twenty-five years in the penitentiary. 

            Now, in the present case, we have multiple
prior felonies, but the time is also—the floor is not twenty-five.  In other
words, it’s not a—the sentence is not finished and then comes back out and then
starts another one, comes back out.  So in this one, the—the penalty range is
going to be five to ninety-nine years.

            Appellant’s
defense counsel then made his closing statement.  Counsel used the testimony of
appellant’s friends and family members to argue that appellant was no longer
the “same person” who had committed the enhancement offenses listed by the
State.  Counsel also pointed to the long amount of time that had passed since appellant’s
prior convictions and the lack of evidence that appellant had “been in any
trouble” since being released from prison.  Finally, counsel urged the jury to assess
punishment at five years’ imprisonment, the minimum punishment allowed.  

            The prosecutor
then gave a short rebuttal argument, arguing that appellant had not changed
since being released from prison and asking the jury to “bring [appellant] to
justice, to give him—to have the sentence that he deserves.”  The prosecutor
closed with the following statements:

            Now, but for a technicality, he would be having
a minimum floor of twenty-five years to ninety-nine.  I think that’s where your
deliberations should start, at a minimum of twenty-five years, ninety-nine, and
I hope that you can come up with a sentence somewhere in between those two.  

            Appellant asserts
that these statements constitute “a blatant attempt to get the jury to
disregard the applicable law.”  See, e.g., Whiting v. State,
797 S.W.2d 45, 48 (Tex. Crim. App. 1990) (stating it is error for the State to
present a statement of the law that is contrary to that presented in the jury
charge).  Even if the prosecutor’s statements regarding the “floor” of
appellant’s punishment constituted improper jury argument, appellant did not object
at any time during closing argument or request an instruction to disregard the
prosecutor’s statements.  See Newby v. State, 252 S.W.3d 431, 438 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref’d) (“Almost any improper argument may
be cured by an instruction to disregard.”).  Additionally, the jury charge
included the proper range of sentencing for the jury to consider: imprisonment
for life or between five and ninety-nine years.  The jury charge also
instructed the jury to follow the law as provided by the charge.  We presume
the jury understood the jury charge and considered the entire range of
punishment authorized by the charge, and there is no evidence that the jury
failed to do so.  See Miles, 204 S.W.3d at 827–28.  For these reasons, a
review of the jury arguments does not weigh in favor of a finding of egregious
harm.  

d)     Other
Relevant Factors 

Appellant urges us to consider the severity of the
punishment assessed in determining whether appellant suffered egregious harm
due to charge error.  See, e.g., Bolden v. State, 73
S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (reviewing the
punishment assessed while analyzing alleged charge error).  Upon proof that an
accused has once before been convicted of a felony, the jury is free to assess
punishment at imprisonment for life or for any term between five and
ninety-nine years.  See Tex.
Penal Code Ann. §§ 12.32(a), 12.42(b); cf. also Ex parte Chavez,
213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (recognizing the sentencer has
virtually “unfettered” discretion to impose any punishment within the
prescribed range).  Here, the jury was presented with evidence that appellant
had been previously convicted of four felony offenses.  Appellant’s
punishment—fifty years’ confinement—falls within the appropriate range of
punishment, and thus does not weigh in favor of finding that appellant suffered
egregious harm.  

In light of the entirety of the jury charge, the
state of the evidence, the arguments of counsel, and the record in general, we
conclude that the trial court’s erroneous punishment charge did not affect the
very basis of the case, deprive appellant of a valuable right, vitally affect a
defensive theory, or effectively deny appellant a fair and impartial trial.  See
Allen, 253 S.W.3d at 264, Warner, 245 S.W.3d at 461.  Accordingly,
appellant did not suffer egregious harm due to the punishment charge’s
erroneous instruction to find each of the enhancement allegations recited by
the State “true” despite appellant’s plea of “not true” to Enhancement
Allegation Four.  We therefore overrule appellant’s third issue.  

                                                                                                                                                 
III.           
Conclusion

            After reviewing
the record, we conclude that the evidence is legally and factually sufficient
to support appellant’s conviction.  We also find that the trial court’s charge
to the jury did not cause appellant egregious harm and that the State provided
appellant with constitutionally adequate notice of its intent to use prior
convictions to enhance appellant’s sentence.  For these reasons, we overrule
each of appellant’s issues on appeal and affirm the judgment of the trial
court.  

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices Yates,
Seymore, and Brown.

 Publish
— Tex. R. App. P. 47.2(b).

 

 









[1]
This appeal was transferred to this court from the Tenth Court of Appeals.  In
cases transferred from one court of appeals to another, the transferee court
must decide the case in accordance with the precedent of the transferor court
if the transferee court’s decision would have been inconsistent with the
precedent of the transferor court.  See Tex. R. App. P. 41.3.





[2]
While reviewing courts previously referred to the necessary connection between
an accused and contraband as “affirmative links,” we now refer to these
connections simply as “links.”  See Evans, 202 S.W.3d at 161 n.9.  





[3]
Appellant had $609 in his possession when he was arrested.  





[4]
According to appellant’s testimony, Hollie was a known drug user who had spent
time in drug rehabilitation programs.  





[5]
See also, e.g., Medina, 242 S.W.3d at 576–77 (concluding
evidence of contraband discovered in vehicle engine compartment and appellant’s
possession of scales was sufficient to link appellant to contraband although
contraband was found in driver’s purse and not in any of appellant’s
belongings); Flores v. State, No. 07-06-0349-CR, 2007 WL 2990543, at
*2–3 (Tex. App.—Amarillo Oct. 15, 2007, no pet.) (mem. op., not designated for
publication) (stating jury could conclude appellant, the driver, could easily
reach pocket behind passenger’s seat where drugs were found).  





[6]
Appellant points to the following links not established by the evidence: the
contraband was not in plain view, appellant was not under the influence of
narcotics when arrested and no other contraband was found, appellant did not
attempt to flee or make furtive gestures, there was no odor of contraband or
drug paraphernalia present, there were no fingerprints on the bag containing
the cocaine, there were no drugs found in areas “private” to appellant,
appellant’s name did not appear on any documents related to the cocaine, the
cocaine was not found on the same side of the car as where appellant was
sitting, and appellant was not stopped in a suspicious area or under suspicious
circumstances.  





[7]
Possession of between four and two-hundred grams of cocaine is a second-degree
felony punishable by imprisonment for any term between two and twenty years.  See
Tex. Health & Safety Code Ann.
§ 481.115(d); Tex. Penal Code Ann.
§ 12.33(a) (Vernon Supp. 2009).  If a defendant convicted of a
second-degree felony is shown to have been once before convicted of a felony,
the defendant “shall be punished for a first-degree felony.”  Tex. Penal Code Ann. § 12.42(b)
(Vernon Supp. 2009).  A first-degree felony is punishable by imprisonment for
life or for any term between five and ninety-nine years, as well as a fine not
to exceed $10,000.  Id. § 12.32 (Vernon Supp. 2009).  





[8]
The State relies on several other appellate decisions holding that an appellant
failed to preserve charge error by affirmatively endorsing the charge.  See
McCain v. State, 995 S.W.2d 229, 242–43 (Tex. App.—Houston [14th Dist.]
1999, pet. ref’d, untimely filed); Ly v. State, 943 S.W.2d 218, 220–21
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d); Reyes v. State, 934 S.W.2d
819, 820 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d); McCray v. State,
861 S.W.2d 405, 409–10 (Tex. App.—Dallas 1993, no pet.).  





[9]
The State’s burden of proof for Enhancement Allegations One, Two, and Three was
satisfied by appellant’s plea of “true” to these allegations.  See Ford v.
State, 243 S.W.3d 112, 117 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d).  





[10]
Appellant contends Officer Bell’s testimony does not sufficiently link
appellant to Enhancement Allegation Four because the evidence does not
demonstrate that Officer Bell was present when appellant was convicted on July
28, 1993.  See Flowers, 220 S.W.3d at 921–22 (noting that a defendant
may be linked to a prior conviction through “testimony by a person who was
present when the person was convicted of the specified crime and can identify
the defendant as that person”).  Testimony by a person who was not present when
the accused was convicted of the prior offense may be sufficient to link the
accused to the prior offense, however, so long as the person has personal
knowledge of the accused and the prior conviction.  See Davis, 268
S.W.3d at 716.  





[11]
Until the close of the guilt/innocence phase, the State sought to enhance
appellant’s punishment under Texas Penal Code section 12.42(d), which allows
for punishment by imprisonment for life or between twenty-five and ninety-nine
years.  See Tex. Penal Code Ann.
§ 12.42(d).  However, the State was unable to properly prove the finality
and timing of the prior convictions as required by section 12.42(d).