# NO. 12-13-00387-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILBER MEDINA,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Wilber Medina appeals his conviction for possession of a controlled substance, methamphetamine. In one issue, he contends that the evidence is legally insufficient to establish that he possessed the methamphetamine. We affirm.

### BACKGROUND

Appellant was charged by indictment for intentionally or knowingly possessing a controlled substance, namely methamphetamine, in an amount of less than one gram, a state jail felony. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Glen Davenport, an officer with the Department of Public Safety, testified that on the morning of July 26, 2013, he pulled over a vehicle traveling fifty-seven miles per hour in a forty-five mile per hour zone. Alex Bates was the owner and driver of the vehicle, Robert Davenport (no relation to Officer Davenport) was the front seat passenger, and Appellant was the back seat passenger, seated behind Bates. Officer Davenport smelled the odor of burnt marijuana as he approached the vehicle. After safely removing the three occupants, Officer Davenport began searching the vehicle.

During the search, Officer Davenport noticed that Appellant was "profusely sweating." Appellant then fell on the ground, shaking and convulsing. Officer Davenport summoned an

ambulance, and Appellant was taken to the emergency room of East Texas Medical Center (ETMC). Meanwhile, Officer Davenport continued searching the vehicle and discovered a gold pouch with two bags containing methamphetamine and marijuana. He also found three glass pipes used to ingest methamphetamine. Officer Davenport testified that he found the gold pouch under the driver's seat of the vehicle. The substances found in the gold pouch contained 0.15 grams of methamphetamine and .09 ounces of marijuana. Toxicology tests showed that Appellant tested positive for methamphetamine and marijuana.

The jury found Appellant guilty of possession of a controlled substance, methamphetamine, and sentenced him to two years of confinement in a state jail facility and a $10,000.00 fine. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Appellant argues that there is insufficient evidence corroborating the accomplice witness's testimony. He also contends that, even considering the accomplice witness's testimony, the evidence is legally insufficient to establish the element of possession.

### Standard of Review

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all of the incriminating circumstances is sufficient to support the conviction." *Lucio*, 351 S.W.3d at 894 (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *Wright v. State*, 401 S.W.3d 813, 818 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd.). Any inconsistencies

2

in the evidence are resolved in favor of the verdict. **Medina v. State**, 242 S.W.3d 573, 575 (Tex. App.—Waco 2007, no pet.).

## Elements of the Offense

A person commits an offense if he knowingly or intentionally possesses methamphetamine in the amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b) (West 2010). To prove unlawful possession of a controlled substance, the state must prove beyond a reasonable doubt that the defendant exercised control, management, or care over the substance and that he knew the matter possessed was contraband. *See* **Poindexter v. State**, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Regardless of whether the evidence is direct or circumstantial, it must establish that a defendant's connection to the contraband was more than "just fortuitous." *Id*. at 405-06. This rule is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs. *Id*. at 406.

Mere presence at the location where contraband is found is insufficient, by itself, to establish actual care, custody, or control. **Evans v. State**, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). But presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "links"), may well be sufficient to establish that element beyond a reasonable doubt. *Id.* Although not an exhaustive list, Texas courts have recognized the following links:

(1)    the defendant's presence when a search is conducted;
(2)    whether the contraband was in plain view;
(3)    the defendant's proximity to and the accessibility of the narcotic;
(4)    whether the defendant was under the influence of narcotics when arrested;
(5)    whether the defendant possessed other contraband or narcotics when arrested;
(6)    whether the defendant made incriminating statements when arrested;
(7)    whether the defendant attempted to flee;
(8)    whether the defendant made furtive gestures;
(9)    whether there was an odor of contraband;
(10)    whether other contraband or drug paraphernalia were present;
(11)    whether the defendant owned or had the right to possess the place where the drugs were found;
(12)    whether the place where the drugs were found was enclosed;
(13)    whether the defendant was found with a large amount of cash; and
(14)    whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* at 162 n.12. It is not the number of links that is dispositive, but rather, the logical force of the evidence, both direct and circumstantial. *Id*.

**Corroboration Requirement**

The legislature has determined that a fact finder should exercise caution when considering the testimony of an accomplice because "accomplices often have incentives to lie, such as to avoid punishment or shift blame to another person." *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011) (quoting *Blake v. State*, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998)). Thus, a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the accused with the offense committed. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). Further, the corroboration is not sufficient if it merely shows the commission of the offense. *Id.* An accomplice is a person who participates in the offense before, during, or after its commission with the requisite mental state. *Smith*, 332 S.W.3d at 439. To be considered an accomplice witness, the witness's participation with the defendant must have involved some affirmative act that promotes the commission of the offense with which the defendant is charged. *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007).

To determine whether an accomplice's testimony is sufficiently corroborated, we eliminate all of the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007); *Sexton v. State*, 51 S.W.3d 604, 611 (Tex. App.—Tyler 2000, pet. ref'd). The corroborating evidence need not be sufficient by itself to establish guilt beyond a reasonable doubt, or directly link the appellant to the crime. *Castillo*, 221 S.W.3d at 691. There must simply be some nonaccomplice evidence that tends to connect the appellant to the commission of the offense alleged in the indictment. *Id*.

**Testimony of Accomplice**

Alex Bates, the driver and owner of the vehicle in which Appellant was traveling at the time of the stop, was an accomplice because he was indicted for the same offense as Appellant. *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991). He admitted that he pleaded guilty to the offense of possession of a controlled substance, methamphetamine, and was sentenced to five years of deferred adjudication community supervision. Bates testified that the

gold pouch containing the methamphetamine found in his vehicle by Officer Davenport was Appellant's. He said that until Officer Davenport discovered the gold pouch and showed it to him, he had never seen it before and had no idea what was inside the pouch. However, Bates admitted that the "pink" bag inside the gold pouch was his. He said that the "yellow" bag in the gold pouch was Appellant's and that he had given Appellant the "pink" bag.

**Nonaccomplice Testimony**

Officer Davenport testified that he searched Bates's vehicle because he smelled the odor of burnt marijuana as he approached it. He stated that Appellant had to be taken to the emergency room because he was "profusely sweating," and then fell on the ground, shaking and convulsing. Officer Davenport discovered a gold pouch with two bags containing methamphetamine and marijuana, and three glass pipes used to ingest methamphetamine. He found the gold pouch under the driver's seat of the vehicle. In his opinion, the contraband was closer to the back seat than the front seat, and would have been easily accessible by Appellant in the back seat.

Howard Ng, M.D., an emergency room physician at ETMC, testified that he treated Appellant for the suspected ingestion of an unknown substance. Appellant's behavior indicated that he might have been under the influence of an intoxicating substance. Appellant told Dr. Ng that he had taken only one dose of the substance that was causing his medical difficulties. Jeff Norton, a nurse in the emergency room at ETMC, testified that a toxicology test was performed on Appellant. The toxicology report showed that Appellant tested positive for methamphetamine and marijuana. Chance Cline, a Department of Public Safety forensic chemist, testified that the substances found in Bates's vehicle contained 0.15 grams of methamphetamine and .09 ounces of marijuana.

**Analysis**

After eliminating Bates's accomplice witness testimony from our consideration, we conclude that the nonaccomplice testimony of Officer Davenport, the nurse and physician at ETMC, and the DPS forensic chemist tends to connect Appellant to the offense sufficiently to corroborate Bates's testimony that Appellant had possession of the methamphetamine found inside the vehicle. *See Castillo*, 221 S.W.3d at 691.

Regarding the sufficiency of the evidence, Appellant concedes that his positive drug test, his behavior at the scene, and the odor of burnt marijuana are factors tending to substantiate a finding of possession. However, he contends that these links are minimal. We disagree.

The evidence shows that Appellant was present when Officer Davenport began searching the vehicle. As the passenger in the back seat of Bates's vehicle, he was closer to the contraband discovered in the vehicle, and it was more accessible to him than to the vehicle's two front-seat passengers. In addition to the contraband, Officer Davenport found three glass pipes used to ingest methamphetamine, which corresponds to the number of occupants in the vehicle. Further, toxicology tests indicated that he had ingested methamphetamine and marijuana at the time the vehicle was stopped. Therefore, viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant knowingly and intentionally possessed the methamphetamine in the vehicle. *See Poindexter*, 153 S.W.3d at 405-06; *Evans*, 202 S.W.3d at 162 n.12. Consequently, the evidence is legally sufficient to support the jury's verdict.

We overrule Appellant's sole issue on appeal.

### DISPOSITION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2014**

**NO. 12-13-00387-CR**

**WILBER MEDINA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1175-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*